In the Matter of the Claim of GEORGE DAWSON, Respondent, against PRESTON PASTRY SHOP et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— This is an appeal by an employer and its insurance carrier from a decision of the Workmen's Compensation Board in favor of claimant. Claimant was employed as a baker in a retail bakery shop owned and operated by the employer. On February 15, 1945, while claimant was engaged in the regular course of his employment, and while carrying a container of lard weighing about 120 pounds up a narrow stairway, he was injured. The appellants contend that claimant failed to give written notice of the accident within the time prescribed by statute and that the record fails to support the finding of causal relation. The board found that claimant's injuries were causally related to the accident and the evidence sustains that conclusion. The board also found that failure to give written notice was waived by the appellants by their failure to raise the issue at the first hearing of the claim at which claimant testified. In the employer's first report of the injury, dated April 11, 1945, the employer stated that it learned of claimant's accident a week after it had occurred. The finding of the board that the employer had actual notice is sustained by the proof. Award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Hill, P. J., Heffernan, Brewster, Foster and Deyo, JJ.

In the Matter of the Claim of LENA M. PELLAGRINO, Respondent, against AMERICAN STORES COMPANY et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by an employer and its insurance carrier from a decision and award of the Workmen's Compensation Board granting claimant compensation for a period of disability. Claimant filed no claim for compensation until after two years from the date of accident. The board held that the claimant was not thereby barred because of employer's advanced payment of compensation. There was no evidence of such payment within the meaning of the statute (Workmen's Compensation Law, § 28; *Matter of Lissow* v. *Mabbett Motors, Inc.,* 279 N. Y. 585; *Matter of Casale* v. *Rockwood & Co.,* 259 App.

Div. 767; *Matter of Duquette* v. *General Electric Co.*, 257 App. Div. 881). Decision and award reversed on the law and claim dismissed, with costs against the Workmen's Compensation Board. Brewster, Foster and Deyo, JJ., concur; Hill, P. J., and Heffernan, J., dissent.