In the Matter of the Claim of MILDRED W. WHITE, Respondent, against MARINE TRUST COMPANY et al., Respondents, and SPECIAL FUND FOR REOPENED CASES, Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.— The Special Fund for Reopened Cases appeals from a decision and award of Workmen's

Compensation Board, which held that wages paid to claimant on March 1, 1942, constituted a payment of compensation extending the time limitations provided in sections 25-a and 123 of the Workmen's Compensation Law, and determining that the case comes within the purview of section 25-a. Claimant was permanently partially disabled by a compensable injury sustained March 6, 1930, when her monthly wage was $65. By decision of November 22, 1933, she was awarded partial disability compensation, based on reduced earnings, to September 1, 1933, and the case was closed without prejudice because since the latter date she had earned the same wage as before the accident. The record discloses no exception by employer or its insurance carrier to that decision. In February, 1933, she had returned to the same employer but at a reduced monthly wage of $50. It is unquestioned that her employer assigned and continued her at lighter work, knowing of her disability and continued medical treatment at her own expense. On September 1, 1933, her wage was increased to $65 and intermediate of March 1, 1942, when she left that employer for other work, further increased to $75. Her case was reopened November 25, 1949, and referred to a section 25-a referee's calendar. The board has found that the last payment of compensation was made by employer on March 1, 1942. The only issue is whether claimant's wages from September 1, 1933, to March 1, 1942, at the same or greater rates than at the time of her injury were a payment in the nature of compensation. Conceding the rule that, in a proper case, the payment of full salary for partial work with the knowledge of and in consideration of a compensable disability, Special Fund contends that claimant's wage payments from September 1, 1933 to March 1, 1942, equally or in excess of her pre-injury wage, were to meet a legal obligation imposed by the National Recovery Act and cannot be construed as a gratuity or the payment of unearned money. This contention appears to be based only on claimant's statement that her 1933 wage increase was because of the N.R.A. The compulsory character of employer's act in raising claimant's pay is not sufficiently established to offset the factual basis supporting the board's conclusion that such payments, made within eight years of the reopening of the case, constitute payment of compensation to her. Award and decision unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Foster, P. J., Bergan, Coon, Halpern and Imrie, JJ.