In the Matter of the Claim of EDWARD BAKER, Respondent, against STANDARD ROLLING MILLS, INC., et al., Appellants, and SPECIAL FUND FOR REOPENED CASES, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, June 18, 1954.

*Nathaniel L. Goldstein, Attorney-General (Harry Pastor* and *Roy Wiedersum* of counsel), for Workmen's Compensation Board, respondent.

*George J. Hayes, Bernard Katzen, William H. Stieglitz* and *Victor Fiddler* for appellants.

Foster, P. J. This is an appeal from an award of the Workmen's Compensation Board made to claimant for a serious facial disfigurement, and a decision of the board which discharged from liability the Fund For Reopened Cases provided by section 25-a of the Workmen's Compensation Law.

In February, 1938, claimant was the victim of an industrial accident while employed as a foreman in a metal manufacturing plant. As a consequence he suffered second degree burns of the face and both eyes, enucleation of his left eye and a secondary cataract on the right eye, besides extensive scarring of his face. On April 15, 1940, he was awarded compensation at the rate of $25 a week for a period of 320 weeks, for 100% loss of use of the left eye and 90% loss of use of the right eye. The last payment of compensation pursuant to that award was made on April 10, 1944. On April 30, 1946, the case was closed pending the outcome of an operation.

On application of the claimant the case was reopened on December 14, 1951. This was more than seven years after the accident and more than three years after the last payment of compensation pursuant to the original award. Therefore under the limitation contained in section 25-a of the Workmen's Compensation Law, the Fund For Reopened Cases would ordinarily be liable for any subsequent award. The board however found, inferentially and rather obscurely, that there were advance payments of compensation by the employer within the three-year period because claimant was retained in his employment at full wages and furnished with an assistant.

It appears without dispute that claimant returned to his work as a foreman about a year after the accident and has been working steadily ever since. At the time of the accident he received a salary of $50 a week, which had been increased to $125 a week at the time the case was reopened. In addition the employer furnished an assistant who acted as claimant's " eyes ", and was paid from $60 to $75 a week. The board interpreted these facts as revealing advance payments of compensation.

The theory of advance payments of compensation, a somewhat tenuous theory at best, has been rather loosely applied in the past, and without a close consideration of the true principle involved. It should be noted that the Legislature has expressly discarded the theory so far as corrective appliances and medical treatments are concerned (Workmen's Compensation Law, § 13). The cases cited by the Attorney-General can be distinguished from the present case on the facts but even in those cases we doubt if the correct principle involved was given fair consideration.*

" Compensation " as defined in the statute, " means the money allowance payable to an employee " (Workmen's Compensation Law, § 2, subd. 6). As thus defined compensation does not include wages paid for value received. If any part of wages are to be deemed an advance payment, such part must necessarily be found gratuitous. If an injured employee returns to work and fully earns his hire there is nothing gratuitous in such an arrangement. In that case the employer gives him nothing; he merely pays for the worth of services performed. Of course an employer may furnish work to an injured employee in the nature of a sinecure at full wages, and doubtless in such a case

---

*Matter of Sassano* v. *City of New York*, 272 App. Div. 843; *Matter of Pollack* v. *Melville Shoe Corp.*, 271 App. Div. 846; *Matter of Lopa* v. *Brillo Mfg. Co.*, 271 App. Div. 846; *Matter of White* v. *Marine Trust Co.*, 281 App. Div. 912.

the board may, within the range of its fact finding power, find the element of gratuity. But that is not the case here, and the record before us does not support such a conclusion. In this case claimant not only·continued as a foreman but his wages were more than doubled. There is nothing in the record to indicate that his services, even with the added cost of an assistant, were not fully worth to the employer the compensation paid therefor. If that is the case then nothing was advanced by way of a " money allowance " for past or future liability. It is beside the point to say that if claimant possessed unimpaired eyesight he might be worth more. The test is whether the employer paid for something he did not get in the way of service. The proper application of this test requires more detailed proof than the present record furnishes, and more precise findings.

Appellants also raise the point that the case is not one where an award for serious facial disfigurement was proper. Here theory clashes with fact. In theory claimant was totally and permanently disabled (Workmen's Compensation Law, § 15, subd. 1); in fact he was gainfully employed at a substantial salary. The board has not found that he was permanently totally disabled, and indeed it could hardly do so in view of claimant's stout earning capacity. In the absence of such a finding an award for facial disfigurement was proper (§ 15, subd. 3, par. t).

The decision and award should be reversed, with costs to appellants against the Workmen's Compensation Board, and claim remitted for further consideration as to liability of the Fund for Reopened Cases.

BERGAN, COON, HALPERN and IMRIE, JJ., concur.

Decision and award reversed, with costs to appellants against the Workmen's Compensation Board, and claim remitted for further consideration as to liability of the Fund for Reopened Cases.