In the Matter of the Claim of GEORGE BUEHLER, Respondent, against SERVICE MACHINE WORKS et al., Appellants, and SPECIAL FUND FOR REOPENED CASES, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from a decision and award of the Workmen's Compensation Board. Unless there has been a payment of compensation to claimant within three years before April 1, 1952, when the application was filed to reopen the claim, Workmen's Compensation Law (§ 25-a) requires that the Fund for Reopened Cases assume the risk of further payment rather than the carrier. This is so because the

date of accident was more than seven years before April, 1952, i.e., in March, 1945, when claimant suffered a hernia. This was treated by everyone concerned as an accident. It was expressly found by the referee in 1947 to have been an "accident" and the award was made on that ground and paid by the carrier. The postponement of the operation to correct it to April, 1946, at claimant's election did not convert the accident into an occupational disease and postpone the date of "accident" to the date of disability due to the operation a year later. The "payment of compensation" claimed to have been made within the three-year period is that as a machinist he had a helper during this period, a practice then followed with other machinists. This is not "payment of compensation" which will excuse the Fund for Reopened Cases from liability. (*Matter of Baker* v. *Standard Rolling Mills*, 284 App. Div. 433.) Award reversed and the claim remitted to the Workmen's Compensation Board, with costs to appellant. Foster, P. J., Bergan, Coon, Halpern and Imrie, JJ., concur.