In the Matter of the Claim of NICHOLAS MALLARDI, Respondent, against PALUMBO CIGAR Co. et al., Appellants, and SPECIAL FUND FOR REOPENED CASES, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from decision and award of the Workmen's Compensation Board. The question is whether the claim was one which came within the purview of section 25-a of the Workmen's Compensation Law, which provides that the Special Fund for Reopened Cases shall be liable for awards made "after a lapse of seven years from the date of the injury or death and also a lapse of three years from the date of the last payment of compensation". In March of 1944, claimant, who was employed as a helper in a cigar manufacturing plant, sustained a back injury and a hernia as the result of a compensable accident for which he received an award later that year. Claimant continued in the same employment and in July of 1952, filed an application to reopen his case in which he requested a new truss and back support. Although the last payment of compensation pursuant to the award had been made in 1944, the board found that continued payment by the employer of full wages to the claimant, notwithstanding the fact that he had been assigned lighter duties after the accident, constituted a payment of compensation within the meaning of the Workmen's Compensation Law. Since such payments were made within three years of the date of claimant's application to reopen, the terms of section 25-a were held inapplicable, thus relieving the Special Fund from liability. Implicit in the decision of the board, is the theory that the employer in effect, bestowed a gratuity on the claimant by paying him his full wages for the performance of lighter work. In determining whether payments to an employee constitute a gratuity, "The test is whether the employer paid for something he did not get in the way of service" (*Matter of Baker* v. *Standard Rolling Mills*, 284 App. Div. 433, 436). Although there is evidence that the claimant was assigned lighter tasks following the accident, there is nothing in the record to indicate that his services "were not fully worth to the employer the compensation paid therefor" (*Matter of Baker* v. *Standard Rolling Mills, supra*, p. 436). Decision and award reversed, with costs to appellants against the Workmen's Compensation Board, and claim remitted to the board for further proceedings not inconsistent with this memorandum. Foster, P. J., Bergan, Coon, Halpern and Imrie, JJ., concur.