■ In the Matter of the Claim of FRANK PUGLIA, Respondent, against SING SING PRISON et al., Appellants, and SPECIAL FUND FOR REOPENED CASES, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.— This is an appeal by an employer and its insurance carrier in favor of claimant which charged liability against appellants and relieved the Special Fund for Reopened Cases under section 25-a of the Workmen's Compensation Law. Claimant was employed as a prison guard at Sing Sing Prison. On July 30, 1942, while engaged in the regular course of his employment, he suffered what a less effete generation might have characterized as a "crick in the back". More enlightened and modern medical testimony diagnosed the condition as a sacroiliac strain and herniation of an intervertebral disc. Awards of compensation were made and paid during intermediate periods in 1942, 1943 and 1944. The last payment was made in January 28, 1944, and on December 30, 1947 the case was closed until claimant desired an operation. He suffered no loss of earnings at any time. On October 9, 1953 claimant made an application to reopen the case and this application was granted. It will be noted that this application was made more than seven years after the date of the accident and more than three years from the date of the last payment of compensation. Section 25-a of the Workmen's Compensation Law, dealing with the reopening of stale claims, provides that under such circumstances the liability shall be that of the Special Fund. The board has found however that the employer in effect made advance payments of compensation so as to nullify the lapse of more than three years between the last payment of regular compensation and the date when the case was reopened. The term "advance compensation" is not used in the findings but the board found that the employer assigned claimant to lighter work and paid him full wages with knowledge of his disablement due to the injuries sustained on July 30, 1942, but no dates are fixed as to this particular finding. The board also found that the employer paid claimant full wages during the period of his hospitalization between January 11, 1954 and May 17, 1954. It was during this period that claimant was operated on. This part of the finding is clearly erroneous so far as the issue here is concerned because it appears in the record and is conceded by the respondent Special Fund that the operation was authorized without prejudice to either party. Therefore the only ground left to sustain the theory of the board that there had been advance payments of compensation is the lighter work claimed to have been assigned to claimant. The testimony on that issue is too tenuous we think to rise to the dignity of substantial evidence (*Matter of Baker* v. *Standard Rolling Mills*, 284 App. Div. 433). The proof in the record is strong that claimant earned his hire, and that there was nothing gratuitous in the performance of the lighter work when he was assigned as a guard on the ground floor or when he was assigned to the correspondence department of the prison. Apparently claimant was absent from work a few times for short periods, and the board could find that such absences were due to his back condition and that he received his full wages nevertheless. The record is not clear as to how much of such absent time was charged to sick leave, and the board made no finding on the subject. Award reversed, with costs to appellants against the Workmen's Compensation Board, and matter remitted to the board for further consideration. Foster, P. J., Bergan, Coon, Halpern and Gibson, JJ., concur.