■ In the Matter of the Claim of Irving A. Propper, Respondent, against Orkins Fashions Stores, Inc., et al., Appellants, and Special Funds Conservation Committee, Respondent. Workmen's Compensation Board,

Respondent.— Appeal from a decision and award of the Workmen's Compensation Board directing the employer and carrier to pay the doctor's bill of claimant during a period of illness in 1955-1956 and excusing the Special Fund under section 25-a of the Workmen's Compensation Law from liability. Claimant's wife and children are the only shareholders in appellant Orkins Fashion Stores, Inc., for which claimant has worked continuously from a period before his accidental injuries until the present. The board of directors consists of claimant and various family members. In 1941, the corporation operated a retail women's apparel shop and claimant, its president and treasurer, suffered injuries when he accidentally swallowed a tack while removing it from a bulletin board. The tack lodged in his right lung, caused claimant's temporary total disability from June 16, 1942 until September 14, 1942 for which appellant paid compensation, necessitated two unsuccessful and one successful operation for its removal, and resulted in emphysema with chronic bronchitis, bronchiectatic changes in the lower right lung, chronic bronchopulmonary suppurative disease, all of which, a referee found, constitute a permanent partial disability which has reduced claimant's earning capacity to 75%. Various hearings since the last payment of compensation in 1942 resulted in numerous closing and reopenings of the case, the referee always finding no compensable wage loss because of no lost time, and claimant continually claiming ignorance of the law, and his intention to keep the case open only to protect his interests in case of future death or disability due to the original injury. From December 12, 1955 until April 2, 1956 claimant was out of work due to disease resulting from the 1941 injuries, and the referee has awarded him doctor's bills for that period, excusing the Special Fund under 25-a on the ground that the employer made advance payments of compensation during the years 1954 and 1955 and therefore the last payment of compensation was within three years of the application for compensation. Since 1951, Orkins Fashions Stores, Inc., the appellant has operated only a real estate management business, leaving the ladies retail apparel establishment to another family corporation. Evidently claimant Propper is the only employee on the payroll of appellant, now only its treasurer, although at one point he testified that a maintenance man was also employed by the firm. The two corporations occupy the same offices. Claimant's duties with appellant are somewhat nebulous and for them he receives $200 a week, payable in a lump sum of $10,400 at the end of the corporation's fiscal year. He testified that for many years prior to his illness in 1955-1956 he had been forced to stay away from work for various periods because of the illnesses resulting from the tack-swallowing episode in 1941. Understandably he could not remember the exact dates of these short illnesses, but there is evidence in the record from which the board could find that he was absent from work up to three weeks each winter, a day or two at a time, as a result of the 1941 injuries. Although appellant claims that claimant did not know that he could have made claim for compensation, there is evidence to support such a finding, claimant having stated of these absences: "nevertheless I never made a claim because I don't believe in making small claims that don't amount to much in dollars". There is little or no evidence as to claimant's duties for appellant employer except that he collected rents and approved mortgages. Asked why he took salary in the years when he was absent a day or two at a time, claimant answered: "Because it was minor. It was a day or two or three, and I didn't miss my work by doing that." The claimant drew no pay for the period from December 12, 1955 until April 2, 1956, but the referee made no award to him for this period on the ground that he drew an annual salary in a lump sum at the end of the year and that this lump sum salary for the 1955-1956 fiscal year

would exceed the lump salary for the year of injury even with the deduction for the December to April period. Appellant contends that testimony concerning absences in 1944 and 1955 due to illness was too vague; that an employer must intend to pay for work not done because of a compensable disability, and that there is no such intent here because the employer did not know that the employee could have received compensation for his absences; that this court should "pierce the corporate veil" since claimant and the corporation are essentially the same; that since claimant would not have been entitled to compensation for the periodic absences from work because his wage loss was too small, payment to him by the employer for these absences does not constitute advance payment of compensation; and that claimant actually did the work for which he was paid and therefore received no gratuity. In our view on this record there must be a reversal, because as indicated by the testimony quoted above, viz., that although claimant was absent a day or two, now and then, he didn't miss any work by reason thereof. The record seems to establish that he actually accomplished the tasks for which he was being paid; that the employer received exactly what he paid for. Because the payments were not gratuitous, they did not constitute advance payments of compensation. (*Matter of Baker* v. *Standard Rolling Mills*, 284 App. Div. 433; *Matter of Kapesser* v. *New York State Police*, 286 App. Div. 897; *Matter of Puglia* v. *Sing Sing Prison*, 3 A D 2d 871.) Since advance payments of compensation were not made in the years in question the application for compensation was made more than 7 years from the date of the accident and more than 3 years from the last payment of compensation, and the liability is that of the Special Fund for Reopened Cases under section 25-a of the Workmen's Compensation Law. Decision and award reversed and claim dismissed, with costs to the appellants against the Special Fund. Foster, P. J., Bergan, Gibson, Herlihy and Reynolds, JJ., concur.