■ In the Matter of the Claim of MARTIN SCHAFFNER, Claimant, v. GENERAL MOTORS CORPORATION, CHEVROLET MOTOR DIVISION, Appellant, and SPECIAL FUNDS CONSERVATION COMMITTEE, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by self-insured employer from a decision of the Workmen's Compensation Board discharging the Special Fund under section 25-a from liability and holding it liable for the award. The claimant was employed as a millwright helper when on June 23, 1947 he fell fracturing his skull, his right scapula and several ribs. He was out of work until July 28, 1947 and an award of compensation was made. In 1950 the case was closed for nonappearance and lack of prosecution. In 1958 the case was reopened and a further award made to the claimant. When he returned to work in 1948 the claimant did not work as a millwright but as a painter. At a hearing in 1947 the claimant testified that he was back at work earning his regular salary while in 1958 he testified that he did not get his regular time and lost $1,000 per year. When the accident happened the claimant was earning $1.39 per hour as a millwright helper and averaging about $70 per week. It appears that when he returned to work he was classified as a painter-glazer at $1.44 per hour. He testified in 1950 that it was temporary work painting and that he was not able to go up on ladders as the other men did because he got dizzy. At a hearing in 1958 the claimant testified that he just "fiddled around" for about a year, after his return to work in 1947, did a little work, painted around, did odd work and did light work as a handyman. When the claimant retired in 1955 his average weekly wage was over $100. The payroll shows, however, that he received the same wages as other painters except those who may have received more because of seniority. When a representative of the employer was asked if the claimant did the same work as any painter-glazer, he stated that he did only ground level work because he had a medical limitation. The attorney for the employer conceded that the claimant "had a work limitation within his classification." The Referee found that although the claimant received his full salary a job had been created to fit his disability and made the award after the reopening against the self-insured employer. The board affirmed finding that the assignment to lighter work at regular wages constituted an advance payment of compensation. The appellant contends that the claim-

ant's services as a painter were fully worth what he was paid. The leading case on advance payment of compensation through the payment of salary not earned is *Matter of Baker* v. *Standard Rolling Mills* (284 App. Div. 433, 435–436) where it was stated: " Compensation does not include wages paid for value received. If any part of wages are to be deemed an advance payment, such part must necessarily be found gratuitous. If an injured employee returns to work and fully earns his hire there is nothing gratuitous in such an arrangement. In that case the employer gives him nothing; he merely pays for the worth of services performed. Of course an employer may furnish work to an injured employee in the nature of a sinecure at full wages, and doubtless in such a case the board may, within the range of its fact finding power, find the element of gratuity. * * * The test is whether the employer paid for something he did not get in the way of service." The board cites four cases (*Matter of Pollack* v. *Melville Shoe Co.*, 271 App. Div. 846; *Matter of Lopa* v. *Brillo Mfg. Co.*, 271 App. Div. 846; *Matter of White* v. *Marine Trust Co.*, 281 App. Div. 912; *Matter of Sassano* v. *City of New York*, 272 App. Div. 843) all of which were criticized by this court in *Baker* opinion. The recent case of *Matter of Golomb* v. *City of New York* (8 A D 2d 874) is readily distinguishable. There the claimant returned to work at his regular salary but performed the work of one in a lower pay classification and there was evidence that he did not even perform the work of one in that classification. The court said the question was whether the work he performed was worth the salary he received and it held that the board could find that it was not. There is no evidence here indicating that the claimant did not earn his wages. At one point he testified that he fiddled around for a year after he returned doing light work but he was apparently painting even then. It was conceded that he had a limitation within his classification, that is he did not go up on ladders, but this would not seem to necessarily mean that the painting which he performed on the ground level was not worth the salary he was paid. What makes the question difficult to determine is that the record is not really fully developed on this question and there is very little from which to draw a conclusion. In *Matter of Puglia* v. *Sing Sing Prison* (3 A D 2d 871) the court held that although the claimant returned to lighter work the record indicated that he earned his hire and that testimony supporting the theory of an advance payment was too tenuous to rise to the dignity of substantial evidence. In our view, upon this record there was no substantial evidence to support a finding that claimant was receiving any type of gratuity. There is nothing of substance which indicates that the employer did not receive full value for claimant's wages. The board largely bases its decision on the fact that claimant did no scaffold painting. The fact is though that he did paint and that is what he was hired and paid for. It would be unduly harsh to charge an employer for having given consideration to claimant's fear of height. The board's finding of compensation payments is neither within the spirit nor the letter of the *Baker* case. Decision and award reversed and case remitted to the board, with costs to appellant against the Special Fund.