■ In the Matter of the Claim of CATHERINE T. LEWIS, Respondent, v. COLLEGE KNITTING MILLS, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from a decision of the Workmen's Compensation Board, filed January 26, 1970, as amended November 24, 1970, which found an advance payment of compensation constituting a waiver of the time limitation of section 28 of the Workmen's Compensation Law. Claimant was employed as a special operator in a hat factory, assisting her superior with whatever he wanted done. Her regular work required her to do office work such as making entries on production sheets. On November 30, 1964 at 7:20 A.M. she sustained an injury when she slipped and fell in the employer's parking lot. She immediately notified her employer who sent a fellow employee to take her to the hospital. Claimant received no payment for the day of injury, nor during her two-week period of hospitalization thereafter. Nothing was paid toward the medical costs by her employer. During her convalescence her employer arranged for her to work at home on production records, paying her at the same hourly rate at which she had previously been paid at the plant. The records were delivered to her home and picked up two or three times a week. Her employer understood the work would be performed at a slightly slower pace, but otherwise her work at home was no different than her corresponding function at the plant. No one was hired to replace her. Claimant did not file a claim for compensation until September 18, 1968. The board found that with knowledge of an accidental injury the employer gave claimant work to do at home while she was recovering from her injury and receiving treatment therefor, and thus, there was an advance payment of compensation. To lift the bar of section 28 the employer must make a gratuitous payment for something he did not get in the way of service. (*Matter of Baker* v. *Standard Rolling Mills*, 284 App. Div. 433, 436.) There is no evidence in the instant record that claimant's work at home was lighter or in any manner different in kind from duties she had performed at the factory. Full payment for a somewhat slower pace does not support a finding of gratuitous payment. (*Matter of Pellagrino* v. *American Stores Co.*, 274 App. Div. 956.) There is no question but that her employer got only what he paid for. Accordingly, we find section 28 applies and the claim must be dismissed. Decision reversed, and claim dismissed, with costs to appellants against the Workmen's Compensation Board. Reynolds, Sweeney and Simons, JJ., concur; Herlihy, P. J., and Greenblott, J., dissent, and vote to affirm, in the following memorandum by Herlihy, P. J.: I concur with the finding of the majority that the present record does not support a finding that there was a payment of wages in lieu of compensation, but nevertheless, the decision should be affirmed as there was a waiver by the employer and the insurance carrier of

the right to claim a section 28 (all statutory references are to the Workmen's Compensation Law unless otherwise specified) bar, as a matter of law. Prior to 1947 a claimant was required to give notice of an accident to the employer *and* to the Chairman of the Workmen's Compensation Board. The notice to the employer could be either oral or written. However, the notice to the chairman had to be in writing and delivered by registered mail. Chapter 747 of the Laws of 1947 amended section 18 so as to entirely omit the requirement that notice be given in any manner by the claimant to the chairman. It is apparent from a reading of such provisions of the Workmen's Compensation Law as relate to a claim, the notice required by section 18 is in fact the claim itself. (Cf. *Matter of Kaplan* v. *Kaplan Knitting Mills*, 248 N. Y. 10.) In the present case the representative of the appellants conceded notice of the accident and in conjunction therewith section 18 states that the notice of an injury required is one "for which compensation is payable under this chapter". In any event, it is apparent from the record that the employer had ample oral notice of the fact that the claimant fell in its parking lot while proceeding to her place of employment and as she was preparing to enter upon her employment. The claimant thereafter was totally disabled for the two weeks of her hospitalization and the record establishes that the employer had knowledge of her continuing disability from employment. Upon the establishment of a complete notice as required by section 18: section 25 (subd. 2, par. [a]) required that the employer within 10 days after such notice either notify the chairman that compensation is not being paid or in the absence of such notice as to nonpayment the employer was required by section 25 (subd. 1, par. [c]) to commence payment of compensation. Upon the present record it is established that after the notice as required by section 18 of an accident for which compensation was payable, the employer (and presumably its insurance carrier) chose not to controvert the claimant's right to compensation, but failed to commence payments. Section 28 expressly lifts any bar as to claims in which advance payments are made to an employee. In the present posture of this case the appellants had the absolute duty to make such payments either as compensation or in lieu of compensation and if such statutory duty had been carried out there would be no available section 28 issue. From the record it appears that the sole reason that the appellants were in any way able in this particular case to assert a failure of compliance with section 28 is that they failed to comply with the statutes. By virtue of the relationship between a proper notice pursuant to section 18 and the provisions of subdivisions 1 and 2 of section 25 it is apparent that the statute is designed to automatically present a claim to the chairman in any situation where a notice is given within 30 days after the accident causing an injury "for which compensation is payable". In *Matter of Kaplan* v. *Kaplan Knitting Mills* (*supra*, p. 13) it was noted that the Workmen's Compensation Law was designed so as to facilitate the presentation of claims by lay people. As a matter of law, the present case does not in any way involve the *right to claim* compensation (and that right is what is barred by section 28) but instead involves only the enforcement of the appellant's obligation pursuant to section 25 (subd. 1, par. [c]) to commence payments. The claim itself was established by an uncontested notice pursuant to section 18 and the failure of the appellants thereafter to in any way controvert the notice. The decision appealed from should be affirmed as a matter of law.