*dismissed* 74 NY2d 625; *Matter of Sebastiano v Harris,* 76 AD2d 1004, 1005, *affd* 54 NY2d 1014; *compare, Matter of Rivera v Smith,* 63 NY2d 501, 512).

Judgment affirmed, without costs. Casey, J. P., Weiss, Levine, Mercure and Harvey, JJ., concur.

■ In the Matter of the Claim of JOSEPHINE DI PIAZZA, Respondent, v GEORGE CAMPBELL PAINTING COMPANY et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent.— Levine, J.

The decedent, a painter, was seriously injured on December 7, 1985 when he touched a high-voltage wire while painting at a Long Island Lighting Company substation. Decedent was electrocuted and fell approximately 20 feet to the ground, sustaining multiple facial and skull fractures. He was taken by helicopter to Nassau County Medical Center where he was treated for severe electrical burns to 60% of his body. Upon admission, decedent's right arm was partially amputated. His condition progressively deteriorated and he required two additional operations, the final one, on December 18, 1985, involving amputation of his lower extremities, after which he sustained cardiac arrest and died.

Thereafter, claimant, decedent's widow, filed a claim for death benefits. Decedent's estate also sought compensation for 11 days of disability, from the date of decedent's injury to the date of his death, and an award for serious facial disfigurement under Workers' Compensation Law § 15 (3) (t). Claimant received an award of death benefits and, following a separate hearing, the Workers' Compensation Law Judge made an award for decedent's temporary total disability during the 11-day period he survived the accident and also awarded $10,000 for serious facial disfigurement.

On appeal, the Workers' Compensation Board initially affirmed the awards and subsequently, upon further reconsideration, upheld the award for serious facial disfigurement but rescinded the award for temporary total disability, concluding that the awards constituted overlapping compensation. This appeal by the employer ensued.

The employer contends that the Board erred in awarding claimant compensation for decedent's serious facial disfigurement pursuant to Workers' Compensation Law § 15 (3) (t). In response, the Board acknowledges that concurrent awards for total disability and facial disfigurement are improper *(see, Matter of Kaminski v Mohawk Carpet Mills,* 11 AD2d 827;

*Clark v Hayes,* 207 App Div 560, *affd* 238 NY 553), but argues that its decision as to which of the awards to rescind must be upheld, so long as the decision is rational. It is further argued that the decision to uphold the disfigurement award is rational in light of the medical evidence and is consistent with the beneficent objectives of the Workers' Compensation Law.

In our view, the Board's decision is erroneous and must be reversed. Under the statute, an award for disfigurement may only be made in conjunction with a finding of permanent *partial* disability (Workers' Compensation Law § 15 [3] [t]; *see, Clark v Hayes, supra,* at 563; *cf., Matter of Baker v Standard Rolling Mills,* 284 App Div 433, 436). Thus, implicit in the Board's decision rescinding the award for temporary total disability and sustaining the compensation for disfigurement is a finding that decedent was only partially disabled as a result of the accident. Based on the uncontroverted medical evidence of decedent's grave injuries, a finding of only partial rather than total disability is unsupportable and irrational (see, *Matter of Smith v Bell Aerospace,* 125 AD2d 140, 142-143). Accordingly, the Board's decision must be reversed.

Decision reversed, with costs against the Workers' Compensation Board, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this court's decision. Mahoney, P. J., Weiss, Levine, Mercure and Harvey, JJ., concur.