■ In the Matter of the Claim of STEPHEN P. ANDRYSHAK, Respondent, v TOWN OF GOSHEN HIGHWAY DEPARTMENT et al., Respondents, and SPECIAL FUND FOR REOPENED CASES, Appellant. WORKERS' COMPENSATION BOARD, Respondent. [877 NYS2d 501]——

Lahtinen, J. Appeal from a decision of the Workers' Compensation Board, filed November 26, 2007, which found that claimant had no compensable lost time from work.

---

Claimant suffered a work-related injury in 1987 and received workers' compensation benefits. Claimant suffered another injury on the job in 2003 and again received workers' compensation benefits. Liability on the 1987 claim was eventually transferred to the Special Fund for Reopened Cases (hereinafter Special Fund) pursuant to Workers' Compensation Law § 25-a. A Workers' Compensation Law Judge found that claimant had no compensable lost time on the 1987 claim from December 2006 to May 2007 and on the 2003 claim from March 2003 to May 2007. The Workers' Compensation Board affirmed and the Special Fund now appeals.

We affirm. From at least 2003 forward, claimant was an elected town highway superintendent. He testified that he did not go into work on some days due to his injuries. He also testified, however, that he had no regular work hours, continued to be paid his salary and did not use any annual or sick leave as a result of his injuries (*see* Town Law § 20 [1] [a]; *Matter of Bookhout v Levitt*, 43 NY2d 612, 618 [1978]). More importantly, claimant stated that he continuously worked as highway superintendent and still went to work when needed. Given the lack of proof that "the employer paid for something [it] did not get in the way of service," the Board's finding that claimant had no compensable lost time during the periods at issue was supported by substantial evidence (*Matter of Baker v Standard Rolling Mills, Inc.*, 284 App Div 433, 436 [1954]; *see Matter of Puglia v Sing Sing Prison*, 3 AD2d 871 [1957]; *cf. Matter of Houda v Niagara Frontier Hockey*, 16 AD3d 926, 928 [2005]).

Lastly, the Special Fund notes that it was previously directed by a Workers' Compensation Law Judge to reimburse the employer for compensation paid to claimant in July 2004 on the 1987 claim. The only issue involving the 1987 claim on this appeal is whether compensable lost time was incurred from December 2006 to May 2007 and the previous decision does not address that period. To the extent that the Special Fund argues that the lost time in July 2004 should have been apportioned to the 2003 claim as well, its failure to seek Board review of that decision prevents our review of the issue (*see Matter of Harris v Phoenix Cent. School Dist.*, 28 AD3d 1051, 1052 [2006]).

Cardona, P.J., Mercure, Spain and Malone Jr., JJ., concur. Ordered that the decision is affirmed, without costs.