EDGAR TUTTLE, Respondent, v. GEORGE A. SKELLIE, an Incompetent, by JEROME E. WRIGHT, his Committee, Appellant.— Appeal by defendant from a judgment in plaintiff's favor in an action to recover damages for negligence. The sole issue raised on appeal is the amount of the jury's verdict. The proof amply warrants the determination. Judgment and order affirmed, without costs. Hill, P. J., Heffernan, Brewster and Foster, JJ., concur; Lawrence, J., taking no part.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. LIONEL LOYE, Appellant, against J. VERNEL JACKSON, as Warden of Clinton Prison, Respondent.— Appeal from an order of the County Court, Clinton County, dismissing a writ of habeas corpus. Order affirmed, without costs. All concur.

(May 18, 1945.)

In the Matter of the Claim of LEO SACKOLWITZ, Respondent, against CHARLES HAMBURG .& Co., INC., Appellant. STATE INDUSTRIAL BOARD, Respondent.— Decision of this court, handed down May 16, 1945 (ante, p. 800), amended to read as follows: Claimant obtained employment by aid of a false statement in writing as to his identity in violation of the Penal Law (§ 939). No consideration of public policy or of statutory intent requires that one should be rewarded by additional compensation under such circumstances. So much of the award appealed from reversed and the claim in that respect dismissed, with one bill of costs in favor of the employer and carrier and against the State Industrial Board. All concur, except Hill, P. J., who dissents in the following memorandum: Violations of the Labor Law are malum prohibitum. The claimant, Leo Sackolwitz, stated when seeking employment that he was Jack, an older brother. This deceit could have been discovered by using reasonable diligence. Numerous authorities sustain the liability of the employer even if there is no negligence.

In the Matter of the Claim of MARJORIE B. DENNISON, Respondent, against PECKHAM ROAD CORP. et al., Appellants-Respondents, and WM. E. BOULEY & Co. et al., Respondents-Appellants. STATE INDUSTRIAL BOARD, Respondent.— Decision of this court, handed down May 16, 1945 (ante, p. 800), amended to read as follows: Appellant, Wm. E. Bouley & Co. was engaged in excavating a cellar. It leased a power shovel from Peckham Road Corp. The latter corporation was not connected with the Bouley Co. or the excavation. Decedent was regularly employed by Peckham but was engaged by Bouley to assist in operating the shovel. His wages were paid by Bouley; he received the injuries which caused his death while so employed. Award reversed as to the Peckham Road Corp. and remitted to the State Industrial Board for the making of an award solely against the Wm. E. Bouley & Co. and its carrier, with costs to Peckham Road Corp. and its carrier, and against Wm. E. Bouley & Co. and its carrier. All concur.