In the Matter of the Claim of TERESA BAKER, Respondent, against L. J. MAR-TIRANO et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent. — Appeal by employer and his insurance carrier from an award of the Workmen's Compensation Board awarding death benefits to the widow of the deceased employee. Decedent sustained a head injury in the course of his employment on September 28, 1939. He committed suicide on or about August 5, 1940. In the interval the decedent had sustained another accident at home. The board in its decision finds that the original accident resulted in a derangement of decedent's mind and led to an uncontrollable impulse to commit suicide. There is substantial evidence to support such a finding, and only a question of fact is involved. Award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Foster, P. J., Heffernan, Brewster, Bergan and Coon, JJ.

■

In the Matter of the Claim of WILLIAM GROFF et al., Respondents, against CERTAIN-TEED PRODUCTS CORPORATION et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from an award of death benefits made by the Workmen's Compensation Board to the father, mother and seven infant brothers and sisters of a deceased employee. Decedent, who was twenty-five years of age at the time of his death, contributed the sum of $40 a week regularly towards the support and maintenance of the family, besides some other specific and isolated contributions to the mother. The father earned $60 a week. The food bill alone of the family amounted to $50 a week. No other income was available except the contributions of the decedent and the wages of the father. The issue of dependency is one of fact. Viewing the record in that light we cannot say there is no substantial evidence to support the decision of the board which held that all members of the family were dependents. Award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Foster, P. J., Heffernan, Brewster, Bergan and Coon, JJ.