In the Matter of the Claims of ELBERT HUNTER et al., Respondents, and LETHA WILLIAMS, on Behalf of JAMES WILLIAMS, an Infant, Appellant, against GOODSTEIN BROS. et al., Appellants-Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, November 9, 1956.

*George J. Hayes, James J. Carroll* and *Victor Fiddler* for Goodstein Bros. and another, appellants-respondents.

*George Weisberg* and *Albert M. Aronowitz* for claimants.

*Jacob K. Javits, Attorney-General* (*Carl Madonick* and *Roy Wiedersum* of counsel), for Workmen's Compensation Board, respondent.

Coon, J. The employer and carrier first challenge the finding of accident and causal relation. Decedent was employed as a " piece goods man " by a manufacturer of men's clothing, and his duties required him to handle bolts and cloth weighing up to a maximum of 250 pounds. He was 38 years of age and, up to the time of the alleged accident, had been asymptomatic. On May 11, 1951, while decedent was handling a bolt of cloth, a coworker saw him suddenly grab his stomach and heard him say: " I got a hurt here in my stomach." Within an hour thereafter decedent went to a doctor and gave a history that a bolt of cloth fell and struck him in the right side. The doctor found on examination that decedent had marked pain and tenderness of the right lower and upper quadrant of the abdomen. About 48 hours later the doctor found an increase in intensity of the symptoms with a secondary hematemesis, and ordered decedent to a hospital, where he died on May 21. The cause of death, according to the autopsy report, was subacute nephrosis, central vein necrosis, uremia, and possible carbon tetrachloride poisoning.

On the question of accident, in addition to the spontaneous exclamation, " I got a hurt here in my stomach," made to a coemployee who saw decedent suddenly grab his stomach, there is evidence that decedent told other coemployees that he was struck by a falling bolt of cloth. He gave such a history to the doctor who attended him and to the hospital upon his admission. This evidence is corroborated by the observations of decedent's

coworker who saw decedent handling bolts of cloth and saw him " grab his stomach ", although he did not actually see the bolt of cloth strike him. The symptoms found by the doctor to whom decedent went almost immediately after his first exclamation and the subsequent observations of continuing and developing symptoms by attending physicians furnish additional corroboration. The record as a whole supports the board's finding of an accidental injury.

The medical evidence as to causal relation is lengthy and conflicting. There is medical opinion expressed that decedent died as a result of carbon tetrachloride poisoning. There is no evidence in the record, however, of exposure to carbon tetrachloride, or evidence which would justify an assumption of such exposure. The two doctors who attended decedent from the date he was first stricken to the date of his death gave unequivocal testimony that the death was causally related to the accident. The board has resolved this conflict of medical testimony in favor of an award, and there is substantial evidence to support such determination.

The finding of dependency is also questioned. Decedent's father and mother were share croppers living in North Carolina, earning an annual income of about $300. There is evidence that decedent sent money to his parents before entering the army, that they received an allotment while he was in the army, and that he sent money orders to his mother from New York after his discharge. Dependency is ordinarily a question of fact, and we may not say that there is not substantial evidence in the record to support the finding of the board on this factual question. (*Matter of Groff* v. *Certain-Teed Prods. Corp.*, 278 App. Div. 597, motion for leave to appeal denied 302 N. Y. 949; *Matter of Pinsky* v. *American Joint Dist. Comm.*, 277 App. Div. 822.)

The appeal on behalf of James Williams, an infant, alleged to be the illegitimate child of decedent and dependent upon him, presents a more unusual question. It is clear that the Workmen's Compensation Law requires more than mere proof of survivorship, as in the case of a legitimate child under the age of 18 years, as a prerequisite to an award to an illegitimate child. Subdivision 11 of section 2 of the Workmen's Compensation Law includes within the definition of " child " an " acknowledged illegitimate child dependent upon the deceased." While there is some evidence in the record tending to indicate acknowledgment of this four-year-old child by decedent, although the child was concededly born to a woman not his wife and who had a living husband, there is no finding by the board on the

question of acknowledgment one way or the other. The referee merely found that James Williams is the " natural " child of decedent. The board, in its memorandum of decision, said: " it is academic to hold that the child of Letha Williams is the the illegitimate child of the deceased ", and, in its formal findings found: " James Williams * * * was the illegitimate child of the deceased, James Hunter, but there is no proof in the record that said child was dependent on the deceased, at the time of the accident and death." The clear language of subdivision 11 of section 2 requires that an illegitimate child must be both " acknowledged " and " dependent upon the deceased " to become entitled to an award of workmen's compensation. Ordinarily, if there be no evidence at all on the subject of dependency, an acknowledged illegitimate child of the age of four years would be presumed to be dependent upon the father who is legally liable for support. (*Matter of Kluss* v. *Levene's Son, Inc.,* 269 App. Div. 801, motion for leave to appeal denied 295 N. Y. 990.) In the *Kluss* case this court upheld an award to an illegitimate posthumous child when obviously there could have been no actual support by the decedent. However, the Legislature has required that the illegitimate child be " dependent upon the deceased " and if the child were found, as a fact, upon substantial evidence, not to be dependent, the presumption arising from the tender age of the child might be overcome. There is some evidence in the record under review tending to indicate that the child was not and had not been dependent upon the deceased. Again, it is to be noted that the board made no finding that the child was not dependent, finding only that " there is no proof in the record that said child was dependent ". As we have seen, it is a legal possibility, in the case of a child so young, that dependency could be found without proof of actual payments for support. We think, under the circumstances here, there must be a definite finding of dependency or nondependency. Without intending to indicate any opinion whatever in the factual field, the matter should be remitted to the board for a determination and finding upon the questions of acknowledgment and dependency of the child claimant.

The referee fixed the fee of claimants' attorney herein at $1,800. The board approved a fee of $1,200, and the reduction is questioned on this appeal. The Workmen's Compensation Board has the power to fix attorneys' fees. (Workmen's Compensation Law, § 142.) Rule 16 of the Rules and Procedure under the Workmen's Compensation Law provides: " (a) * * * the Board shall in every case approve a fee in an amount com-

mensurate with the service rendered and having due regard for the financial status of the claimant.'', and '' (d) In no case shall the fee be based solely on the amount of the award.'' The fact that the board reversed the referee's award as to one claimant at the same time it reduced the attorney fee does not, in and of itself, establish that the fee was based '' solely '' on the amount of the award. In view of the remission of the case for other reasons, we do not now pass upon the amount fixed and the board should determine the fee at the conclusion of all proceedings.

The award appealed from by the employer and carrier insofar as it awards death benefits to Elbert Hunter and Pennie Hunter, should be affirmed, with one bill of costs to be divided between respondents Workmen's Compensation Board and claimants. The decision appealed from on behalf of James Williams, an infant, should be reversed, without costs, and the matter remitted to the Workmen's Compensation Board for further proceedings not inconsistent with this opinion.

FOSTER, P. J., HALPERN, ZELLER and GIBSON, JJ., concur.

Award appealed from insofar as it awards death benefits to Elbert Hunter and Pennie Hunter, affirmed, with one bill of costs to be divided between respondents, Workmen's Compensation Board and claimants.

Decision appealed from on behalf of James Williams, an infant, reversed, without costs, and the matter remitted to the Workmen's Compensation Board for further proceedings not inconsistent with this opinion.