■ In the Matter of the Claim of HAZEL HERRING, Respondent, against GREAT KILLS MOVING AND STORAGE, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the employer and its insurance carrier from decisions of the Workmen's Compensation Board awarding disability and death benefits to three minor children of the deceased employee. The decedent was employed in the moving business and on October 23, 1952 was moving a refrigerator weighing about 300 pounds down a flight of stairs with the assistance of a coemployee. The decedent was backing down the stairs facing the refrigerator and when they had almost reached the bottom the entire weight of the refrigerator was unexpectedly caused to go against him. He experienced severe pain in his back and, although after a rest he helped to finish moving the refrigerator, he did no more work that day. He did light work until November 1, 1952 when he stopped completely because of the pain. On November 14, 1952 the decedent consulted a Dr. Dunne, who diagnosed his condition as lumbosacral sprain. He did not respond to treatment and was hospitalized from November 29 to December 7. His condition was there diagnosed as severe lumbosacral sprain and an intervertebral disc was suspected. X rays were taken which showed some areas of atrophy in the spine. His condition became worse and he was readmitted to the hospital on February 16, 1953. X rays then taken were typical of multiple myeloma and that diagnosis was then made. After being discharged on March 24, 1953 he was readmitted to the hospital several times for treatment of the multiple myeloma and he died there on January 31, 1954 as a result of the disease. A claim for compensation was filed and at hearings held before the decedent's death Dr. Dunne, Dr. Lacey, an orthopedist who had been called in by Dr. Dunne and Dr. Auerbach, an expert on pathology, all testified that the incident with the refrigerator aggravated a pre-existing myelomatous condition. For the carrier, Drs. Charles and Katz, testified that the multiple myeloma was not aggravated by the incident. After the decedent's death further hearings were held at which Drs. Dunne and Auerbach reiterated their positions and Dr. Helpern, a specialist in pathology, testified that there was no aggravation of the myeloma condition by the refrigerator incident. The case was then referred to Dr. Pearce, an impartial specialist in pathology. It was his opinion that the accident was not an accelerating factor in the disease which led to the decedent's death. The Referee thereafter found no causal relation and disallowed the claim. The board on review reversed the Referee's decision and restored both the disability and the death claims to the Referee

calendar for awards. It found that the accident aggravated a pre-existing but quiescent multiple myeloma which disabled the deceased and caused and hastened his death. It was subsequently established that there existed no valid marriage between the decedent and his supposed wife. The death benefits were made payable to three minor children of the decedent. Their birth certificates and baptismal records were produced. The award of disability benefits were ordered paid to the after-care-service for the children. The appellants maintain that the substantial evidence in the record precludes a finding of causal relationship between the decedent's disability and death and the accident which he sustained; that it has not been established that the beneficiaries of the award are the children of the deceased nor that they were acknowledged and dependent and that the employer's request for reimbursement of compensation paid has not been acted on. While there was a sharp dispute among the medical experts, neither theory was incredible and a question of fact was presented, so that we may not now accept the opinion which the board has chosen to reject (*Matter of Gioia* v. *Courtmel Co.*, 283 App. Div. 40). The board is not bound to accept the opinion of its impartial specialist so long as its decision is supported by substantial evidence (*Matter of Kogan* v. *Schoen Print. Co.*, 276 App. Div. 935). The appellants raised the issue of whether the children were the proper beneficiaries of the awards at the beginning of their brief but they made no further mention of the question. The respondent board argues that it was established that they were the children of the deceased and that is all that is necessary. It is true that all section 16 of the Workmen's Compensation Law requires is that the child be under 18. However, subdivision 11 of section 2 in defining a child states "or acknowledged illegitimate child dependent upon the deceased." Thus in the case of an illegitimate child dependency and acknowledgment must be shown (*Matter of Hunter* v. *Goodstein Bros.*, 2 A D 2d 387). The board, however, did make a finding to this effect here which was clearly warranted by the evidence which established that the decedent and his supposed wife and children lived together as man and wife and as a family and that the children were supported by the decedent. The appellants also raise the issue, although they did not further discuss it, of the request for reimbursement which the employer made. It appears that no mention of reimbursement was made before the Referee or the board, but there is a letter printed in the record which was sent by the employer to its insurance carrier on January 14, 1953 requesting reimbursement. Section 25 states that the claim for reimbursement must be filed before the award is made. There is no mention or contention that it was not properly filed. It is not the purpose of Workmen's Compensation Law that the employee should profit therefrom and in effect that has happened here through double benefits — both wages and compensation (*Matter of Birmingham* v. *City of Niagara Falls*, 282 App. Div. 970). Therefore the disablity award must be remitted to the board for consideration of this question. Award for death benefits affirmed, with one bill of costs to be divided equally between the Workmen's Compensation Board and respondent filing brief. Decision and award for disability reversed and matter remitted, without costs. Foster, P. J., Bergan, Gibson, Herlihy and Reynolds, JJ., concur.