In the Matter of the Claim of SALVATORE C. TESTA, Respondent, against SORRENTO RESTAURANT, INC. et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, March 18, 1960.

*Ralph S. Stowell* and *Joseph D. Edwards* for appellants.

*Joseph F. Minutolo* for claimant-respondent.

*Louis J. Lefkowitz, Attorney-General* (*Gilbert M. Landy* and *Roy Wiedersum* of counsel), for Workmen's Compensation Board, respondent.

GIBSON, J.  Appellants contend that the board erred in failing to commute the award in accordance with section 17 of the Workmen's Compensation Law providing with respect to awards of compensation to aliens that, "In the case of a resident alien about to become nonresident the future payments of compensation shall be commuted as of the date of nonresidence." Claimant, a national of Italy, apparently entered the United States illegally and has been granted the right to depart the country voluntarily, in lieu of deportation.

Appellants do not question the proposition that as respects Italian nationals generally, section 17 is ineffective as against the provisions of section 1 of article XII of the Treaty of Friendship, Commerce and Navigation between the United States of America and the Italian Republic (63 U. S. Stat. 2255, 2272) that "The nationals of either High Contracting Party, regardless of alienage or place of residence, shall be accorded rights and privileges no less favorable than those accorded to the nationals of the other High Contracting Party, under laws and regulations within the territories of such other High Contracting Party that (a) * * * (b) grant to a wage earner * * * a pecuniary compensation * * * on account of occupational disease, [or] injury * * * arising out of and in the course of employment or due to the nature of employment."  (See *Matter of Iannone* v. *Radory Constr. Corp.*, 285 App. Div. 751, affd. 1 N Y 2d 671.)  Appellants contend, however, that the treaty does not "contemplate that a national of either country illegally in one or the other and in violation of the statutes governing immigration would be entitled to its protection."  We find no support for appellants' contention in the language of the treaty nor do we perceive any sound basis elsewhere for the theory advanced.

Appellants assert, further, that, by reason of his illegal entry, claimant's right to benefits arises "out of an accident which is illegal in its origin and inception and exists only because of [his] illegal intent" and cite *Matter of Pallas* v. *Misericordia Hosp.* (264 App. Div. 1, affd. 291 N. Y. 692); but there the denial of compensation by schedule award predicated on loss of earning power *in future* was not by reason of claimant's illegal act per se but because he became civilly dead upon being sentenced to life imprisonment (Penal Law, § 511) with the result that any future earning power was extinguished.  We do find in point *Matter of Sackolwitz* v. *Hamburg & Co.* (295 N. Y. 264).  In that case, the Appellate Division (269 App. Div. 803) had reversed so much of the award to a minor illegally employed as had doubled the amount otherwise recoverable, finding that the

minor was himself guilty of a violation of the Penal Law in obtaining employment by aid of a false statement in writing. The Court of Appeals reversed, holding (p. 268): " Workmen's compensation ' is given without reservation and wholly regardless of any question of wrongdoing of any kind ' (*Matter of Post* v. *Burger & Gohlke,* 216 N. Y. 544, 550)."

The decision and award should be affirmed, with costs to the Workmen's Compensation Board.

BERGAN, P. J., COON, HERLIHY and REYNOLDS, JJ., concur.

Decision and award affirmed, with costs to the Workmen's Compensation Board.