■ In the Matter of the Claim of CAROLINE DZIUBA, Respondent, v. GEORGE F. DRISCOLL & MOCCIA CONSTRUCTION CORPORATION et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— TAYLOR, J. Appeal by the employer and carrier from a decision of the Workmen's Compensation Board reversing, by a divided vote, the decision of the Referee finding that claimant was not a dependent within the meaning of the Workmen's Compensation Law and awarding death benefits to the mother of the deceased employee who was killed while in the course of his employment on February 13, 1963. The sole issue presented on appeal is the propriety of the board's finding of partial dependency. At the time of his death decedent, then 49 years of age, unmarried and profitably employed, and his 72-year-old widowed mother occupied an apartment in the multiple dwelling house of which she owned an undivided one-half interest. She testified that her son gave her $25 in cash each week. There was also evidence that claimant's income from her participation in the net rentals derived from the joint ownership of the apartment building and from Social Security payments totaled about $1,300 annually. In its decision the board cited the testimony of claimant as stating that "her annual expenses for food, clothing, medical expenses and other expenditures amounted to over $2,500.00." While

the board's reference to her testimony was technically correct, the uncontroverted proof showed that such expenditures amounted at least to $2,903.04 and the board might have accepted evidence in the record that they exceeded $3,000. Thus, there was justification to warrant the board's finding of claimant's partial dependency upon the contributions of her deceased son (*Matter of Groff* v. *Certain-Teed Prods.*, 278 App. Div. 597, mot. for lv. to app. den. 302 N. Y. 949; *Matter of Hunter* v. *Goodstein Bros.*, 2 A D 2d 387; *Matter of Gregory* v. *Marstin Press*, 18 A D 2d 944; *Matter of Virkler* v. *B. R. DeWitt, Inc.*, 24 A D 2d 669) and no useful purpose would be served by remittal to require a more precise delineation of the basis of its decision. (*Matter of Cliff* v. *Dover Motors*, 11 A D 2d 883, 884, affd. 9 N Y 2d 891.) The fact that claimant's financial circumstances may have improved as the result of her son's death is immaterial. Dependency must be determined as of the time of the accident. (Workmen's Compensation Law, § 16, subd. 5; *Matter of Gilbert* v. *Happy Hill Farm*, 23 A D 2d 931.) Decision affirmed, with costs to the Workmen's Compensation Board. Gibson, P. J., Herlihy, Reynolds and Aulisi, JJ., concur.