■ In the Matter of the Claim of JOSEPH CARAPAZZA, Respondent, v OWENS TRUCKING Co., et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent.—Appeal from a decision of the Workers' Compensation Board, filed November 15, 1978, which discharged the Special Funds Conservation Committee from liability. The claimant sustained a permanent partial disability as the result of a compensable myocardial infarction on October 17, 1973. The insurance carrier sought to be reimbursed for liability after 104 weeks of disability, pursuant to the provisions of section 15 (subd 8, par [d]) of the Workers' Compensation Law, on the ground that the claimant had a *prior* "permanent physical impairment" which resulted "in a permanent disability caused by both conditions that is materially and substantially greater than that which would have resulted from the subsequent injury * * * alone". (Workers' Compensation Law, § 15, subd 8, par [d].) The board found: "Upon review, the majority of the Board Panel finds, based on the testimony of Dr. Lehv, claimant's ulcer does not materially or substantially affect the degree of the disability caused by the accident of October 17, 1973." The decision is supported by substantial evidence. Decision affirmed, with costs to the Special Funds Conservation Committee against the employer and its insurance carrier. Sweeney, J. P., Main, Mikoll and Herlihy, JJ., concur.

■ In the Matter of the Claim of DELORES McFADDEN, Respondent, v DUO PLUMBING & HEATING CORP. et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent.—Appeal from a decision of the Workers' Compensation Board, filed November 15, 1978. On June 3, 1975, Moses Abram died as a result of an automobile accident while in the employ of Duo Plumbing & Heating Corp. We are concerned on this appeal with the propriety of an award of death benefits to four alleged illegitimate children of decedent ranging in ages from 5 to 12 years of age. The board found, based on a letter from the principal of P. S. 167, the joint income tax return of decedent for the year 1973, and the testimony of decedent's brother and the mother of the children, that all four children were acknowledged out-of-wedlock dependent children of decedent entitled to death benefits. Considering the record in its entirety, there is substantial evidence to support the board's decision that the claimants were acknowledged illegitimate children of decedent. It should also be noted that acknowledged illegitimate children of tender years are presumed to be dependent upon the father *(Matter of Hunter v Goodstein Bros.,* 2 AD2d 387). Furthermore, the record established affirmative proof that the claimants were dependent on decedent, their father. Accordingly, the decision should be affirmed *(Matter of Herring v Great Kills Moving & Stor.,* 7 AD2d 797, mot for lv to app den 6 NY2d 705). Decision affirmed, with costs to the Workers' Compensation Board against the employer and its insurance carrier. Sweeney, J. P., Main, Mikoll and Herlihy, JJ., concur.