*71
 
 OPINION OF THE COURT
 

 Per Curiam.
 

 The order of the Appellate Division should be affirmed, with costs.
 

 Under section 25 (subd 4, par [a]) of the Workers’ Compensation Law, an employer’s “advance payment of compensation” or “payments to an employee in like manner as wages” during a period of disability need not be voluntary in order to be reimbursable. So their character is not altered when, as here, they are required to be made pursuant to a collective bargaining agreement. (See
 
 Matter of Adolf v City of Buffalo Bd. of Educ.,
 
 50 NY2d 871 [contract provision, at p 875].)
 

 While, therefore, without more, this would seem to suggest that the employer should be reimbursed, especially since it had not waived its right either by “filing a document so stating *** [or] by failing to file a claim before compensation is awarded”
 
 (Matter of Adolf, supra,
 
 at p 872; Workers’ Compensation Law, §25, subd 4, par [a]), the agreement also provides that the first 10 days of sick leave are to be charged against the claimant’s accrued sick leave credits and that such credits once so consumed in any event are not to be restored. Accordingly, even if the “advances” here are reimbursed, the sick leave debits will result in a permanent benefit to the employer, most certainly because they will no longer be available for conversion into additional retirement service credits. A concomitant of the advance, therefore, was that the employee surrendered valuable vested rights in return. It follows that reimbursement of the advance under these circumstances would result in a net benefit to the employer and a net detriment to the employee.
 

 However, our recent cases suggest that reimbursement to an employer is not intended to achieve such a disproportionate result, either to employer or employee. For instance in
 
 Matter of Milan v Tricot Prods. Corp.
 
 (53 NY2d 867, 868), where an employee received both his regular wages and an award of compensation for a July 4th holiday which had occurred during his period of disability, thus bringing the employee a duplication of benefits, we held
 
 *72
 
 that “it cannot be said as a matter of law that [the employer’s] claim for credit for the holiday pay did not come within the purview of section 25 (subd 4, par [a])”. Similarly, in
 
 Matter of Lynch v Board of Educ.
 
 (3 NY2d 871, affg 1 AD2d 362), we upheld reimbursement for an employer when otherwise an employee would have netted both compensation and full wages for the period of her disability. On the same rationale, in the case before us now, avoidance of an imbalance favorable to the employer correctly dictated denial of its claim.
 

 Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur in
 
 Per Curiam
 
 opinion.
 

 Order affirmed.