■ In the Matter of the Claim of CHARLES JONES, Respondent, v CHEVROLET-TONAWANDA DIVISION, GMC, Appellant. WORKERS' COMPENSATION BOARD, Respondent. In the Matter of the Claim of RONALD HANKS, Respondent, v CHEVROLET-TONAWANDA DIVISION, GMC, Appellant. WORKERS' COMPENSATION BOARD, Respondent. — Appeals from two decisions of the Workers' Compensation Board, filed January 25, 1980 and February 5, 1980, respectively, which found that the self-insured employer is not entitled to credit for holiday wages paid to the disabled employees during the period of disability. In each case under review, claimant was injured during the course of employment and as a result had lost time from work including holidays. The self-insured employer paid claimant Hanks compensation for his lost time less two days, which were Thanksgiving holidays. For these two days, the employer paid claimant his full wages pursuant to the terms of a collective bargaining agreement. Claimant Jones was also paid compensation for his lost time by the same employer, less one day for which he was paid his full wage pursuant to a collective bargaining agreement. Each claimant is entitled to holiday pay on scheduled days so long as he satisfied, as these claimants did, all the eligibility requirements. In each case, the employer filed a request for reimbursement for payments made "in like manner as wages" for the respective holidays pursuant to section 25 (subd 4, par [a]) of the Workers' Compensation Law. In the *Jones* case, the board panel found: "that the claimant was disabled on the holiday in question, received holiday pay pursuant to contractual rights. The Board Panel further finds that the self-insured employer is not authorized to deduct payment received for same from the workers' compensation award." In the *Hanks* matter, the board panel found: "that the claimant was paid holiday pay pursuant to a contractual agreement and there is nothing in the record to indicate that holiday pay was intended to be in lieu of compensation" (citations omitted). There must be a reversal in each case and a remittal for further proceedings in accordance with this decision. The fact that holiday pay was paid by the employer pursuant to an employment contract alone is not determinative of the question whether an employer is entitled to reimburse-

ment pursuant to section 25 (subd 4, par [a]) of the Workers' Compensation Law (*Matter of Jefferson v Bronx Psychiatric Center*, 55 NY2d 69; *Matter of Adolf v City of Buffalo Bd. of Educ.*, 50 NY2d 871). In the present cases, the employer is entitled to reimbursement unless such reimbursement would achieve a disproportionate result, either to the employer or employee (*Matter of Jefferson v Bronx Psychiatric Center, supra*). If reimbursement is denied herein, claimants would receive both full wages and compensation for the holidays in question. Such an imbalance favorable to the employees requires that reimbursement be granted to the employer in both cases. Consequently, the decision in each case must be reversed. Decision in each case reversed, without costs, and matters remitted to the Workers' Compensation Board for further proceedings not inconsistent herewith. Mahoney, P. J., Sweeney, Kane, Casey and Mikoll, JJ., concur.