■ In the Matter of the Claim of NANCY MORGAN, Respondent, v NEW YORK STATE DEVELOPMENTAL CENTER et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent.— Casey, J. Appeal from a decision of the Workers' Compensation Board, filed March 29, 1989.

The employer contends that the Workers' Compensation Board erred in concluding that the employer was not entitled to reimbursement out of claimant's workers' compensation award for the period during which claimant was on sick leave at half pay. According to the employer, the amount received by claimant during this period is reimbursable, pursuant to Workers' Compensation Law § 25 (4) (a), as advance payments of compensation. Citing *Matter of Jefferson v Bronx Psychiatric Center* (55 NY2d 69), the Board concluded that claimant had surrendered a valuable vested right by using sick leave at half pay and, since that right could not be restored, the payment was not reimbursable.

The relevant collective bargaining agreement provides for the restoral of leave credits used by an employee during a period covered by a workers' compensation award, and the employer's rules and regulations contain the following provision: "Leave credits, including sick leave at half pay, used by an employee during a period of absence for which an award of compensation has been made and credited to the State as reimbursement for wages paid shall be restored to him in full" (4 NYCRR 21.8 [g]).

Accordingly, in the ordinary course of events, the sick leave at half pay used by claimant would have been restored to her, but in this case, before the employer took any official steps to restore claimant's leave credits, her employment was terminated upon the ground that she was no longer able to perform the duties of her employment. Concluding that a "payment by the employer which involves a concomitant surrender of valuable vested rights by the employee is not considered a reimbursable advance until those vested rights are restored", and

finding that the termination of claimant's employment precluded the restoral of the sick leave at half pay used by her during the period covered by the award, the Board ruled that the payments were not reimbursable advances. We hold that the decision must be reversed.

As previously noted, claimant's leave at half pay would have been restored had her employment continued. Thus, she would have surrendered nothing in order to obtain the payment and those payments would have been reimbursable. The Board concedes as much in its brief on this appeal. The issue, therefore, distills to whether the termination of claimant's employment before her sick leave at half pay could be officially restored had an adverse impact on her so that the Board could reasonably conclude that she had surrendered a valuable vested right.

In contrast to the sick leave at issue in *Matter of Jefferson v Bronx Psychiatric Center* (55 NY2d 69, *supra)*, the sick leave at half pay herein has no conversion value upon an employee's separation from service; it cannot be converted into cash, used as credit toward health insurance or used for any other purpose. Clearly, it could no longer be used as sick leave once claimant's employment ended. Although the Board suggests in its brief on appeal that accrued sick leave at half pay might have some value if claimant were to return to the employer's service in the future, such speculation is insufficient to support the Board's conclusion that claimant surrendered a valuable vested right, particularly in the absence of any evidence in the record that sick leave at half pay, accrued prior to the termination of employment, is available for use by the former employee upon his or her return to the employer's service at some future date. In fact, the Board's decision contains no such finding. The undisputed evidence in the record establishes that if claimant had not used her sick leave at half pay, or if it had been restored to her prior to the termination of her employment, she would have nothing more of value than she does now. Thus, claimant lost nothing of value by using her sick leave at half pay, but in return she received payments from her employer in addition to the full amount of the workers' compensation award. In these circumstances, we conclude that it was irrational for the Board to find the payments made by the employer while claimant was on sick leave at half pay not to be reimbursable as advance payments pursuant to Workers' Compensation Law § 25 (4) (a).

Decision reversed, with costs against the Workers' Compensation Board, and matter remitted to the Workers' Compensa-

tion Board for further proceedings not inconsistent with this court's decision. Mahoney, P. J., Casey, Weiss, Yesawich, Jr., and Mercure, JJ., concur.