■ In the Matter of the Claim of JACQUELINE MOSES, Appellant, v CITY OF NEW YORK DEPARTMENT OF TRAFFIC, Respondent. WORKERS' COMPENSATION BOARD, Respondent.—Yesawich, Jr., J. Appeal from a decision of the Workers' Compensation Board, filed October 25, 1989, which ruled that an employer-employee relationship existed and that claimant was not entitled to direct payment for intermittent lost time.

On December 17, 1981, claimant sustained a compensable injury. The record establishes that claimant was paid by her employer, the City of New York Department of Traffic, for the time lost. Effective January 1, 1985, she took a one-year leave of absence to serve as president of a local union. In June of that year the City restored 23 days to claimant's accrued leave time.

In 1986, pursuant to Workers' Compensation Law § 25 (4), the City sought reimbursement for the wages it had paid claimant. Claimant acknowledged that 23 days had been restored to her leave time, but requested that payment be made directly to her. The rationale for this request was that because claimant is no longer an employee of the City, this time cannot be restored to her. After a hearing, the Workers' Compensation Law Judge denied claimant direct payment; this decision was affirmed by the Workers' Compensation Board. Claimant appeals.

Claimant contends that because she is on leave of absence, her leave has periodically been extended since January 1, 1985 and she has no plans to return to her former position, she is entitled to receive payment for her lost time directly. At the hearing, however, she admitted that she had not as yet terminated her employment with the City. As the Board observed in its decision, if claimant were to return to work after her leave of absence, she would be able to use the credited 23 days; and if and when she resigns, she will be paid for any unused annual leave time. Consequently, here, unlike the situation in *Matter of Jefferson v Bronx Psychiatric Center* (55 NY2d 69), upon which claimant relies, reimbursement of the advances will not benefit the employer at claimant's expense *(compare, Matter of Poupard v Mohonasen Cent. School Dist., 56 NY2d 764, 765).*

Decision affirmed, without costs. Casey, J. P., Mikoll, Yesawich, Jr., Mercure and Crew III, JJ., concur.