■ In the Matter of the Claim of KEIKO MIZUGAMI, Respondent, v SHARIN WEST OVERSEAS, INC., et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent.—Mercure, J. P. Appeals from a decision and an amended decision of the Workers' Compensation Board, filed July 16, 1990 and June 26, 1991, which, *inter alia,* ruled that claimant was decedent's dependent and entitled to an award of death benefits.

Keitato Mizugami, a resident of the United States employed by Sharin West Overseas, Inc. (hereinafter the employer), was stabbed to death at the company headquarters in New York City on August 14, 1985. Claimant, Mizugami's mother and a citizen and resident of Japan, thereafter filed a claim for compensation alleging that she had been dependent upon Mizugami for support. In response to the employer's interrogatories pursuant to Workers' Compensation Law § 121-a and 12 NYCRR 300.20 (b), claimant listed her income and expenses for the years 1983 to 1985 and stated that Mizugami had sent her a total of $2,897.79 from August 1984 to August 1985. The Workers' Compensation Law Judge found a "causally related death" and that claimant was a dependent of Mizugami. The Workers' Compensation Board affirmed. On reconsideration, the Board corrected the rate of death benefits awarded and otherwise adhered to its original decision. The employer appeals from both the original and the amended Board decisions.

Initially, we agree with the employer that there was no proof that Mizugami had supported claimant for one year prior to the accident as required by the statute setting forth

the preconditions for recovery by nonresident aliens *(see,* Workers' Compensation Law § 17). The Board argues, however, that under the terms of the 1953 Treaty of Friendship, Commerce and Navigation between the United States and Japan (4 UST 2063) (hereinafter the Treaty), a nonresident Japanese national making a claim for death benefits under the Workers' Compensation Law must be treated in the same manner as a United States citizen. As such, it is argued that the one-year support requirement in Workers' Compensation Law § 17 is ineffective, and claimant's rights are to be determined pursuant to the statute applicable to United States citizens and resident aliens, which requires dependency only as of the date of death *(see,* Workers' Compensation Law § 16). Although the Board's argument is raised for the first time on appeal, we reject the employer's contention that we may not consider it. Because this is solely a question of statutory construction, it may be raised for the first time in this court *(see, Matter of Richardson v Fiedler Roofing,* 67 NY2d 246, 250; *Matter of Woodin v Lane,* 119 AD2d 969, 970).

Treaties between the United States and other nations are the supreme law of the land (US Const, art VI, cl 2; *see, Rosman v Trans World Airlines,* 34 NY2d 385), and when there is a conflict between a treaty and a statute, the treaty supersedes the conflicting statutory provision *(Matter of Iannone v Radory Constr. Corp.,* 285 App Div 751, 755, *affd* 1 NY2d 671; *see,* 1A Larson, Workmen's Compensation § 63.52). Here, article III, section 1 of the Treaty provides that: "Nationals of either Party shall be accorded national treatment in the application of laws and regulations within the territories of the other Party that establish a pecuniary compensation, or other benefit or service, on account of disease, injury or death arising out of and in the course of employment or due to the nature of employment" (4 UST 2063, 2067). National treatment is defined as "treatment accorded within the territories of a Party upon terms no less favorable than the treatment accorded therein, in like situations, to nationals" (4 UST 2063, 2079).

The requirement that a parent be a dependent for a full year rather than only on the date of the accident is clearly less favorable treatment than that accorded United States citizens and resident aliens. Accordingly, as to Japanese nationals, that portion of Workers' Compensation Law § 17 imposing such a requirement violates the Treaty and is, therefore, ineffective *(cf., Matter of Testa v Sorrento Rest.,* 10 AD2d 133, *lv denied* 8 NY2d 705; *Matter of Iannone v Radory*

*Constr. Corp., supra).* In so deciding, we reject the employer's contention that the Treaty offers no protection to claimants who are nonresident aliens. We find no support in the language of the Treaty or elsewhere for the employer's argument that the Treaty requires only that Japanese citizens who are "within the territories" of the United States be accorded treatment which is no less favorable than treatment accorded to United States citizens *(cf., Jennings v Boeing Co.,* 660 F Supp 796, 800, *affd* 838 F2d 1206).

Next, we conclude that there is substantial evidence in the record to support the Board's decision finding dependency. Considering the record in its entirety and particularly that, for 1985, claimant's income was approximately $1,142 per month, her expenses were over $2,000 per month, and Mizugami sent her approximately $2,900, it is our view that the Board could reasonably infer that the loss of Mizugami's contribution had a detrimental effect upon claimant *(see, Matter of Giglia v Berger Indus.,* 127 AD2d 959; *Matter of Torres v Laurel Hill Nursery,* 98 AD2d 904, *affd* 64 NY2d 895; *Matter of Germain v Times Sq. Stores,* 92 AD2d 657).

As a final matter, although the Board used an admittedly improper standard of dependency in its decision, in finding dependency under Workers' Compensation Law § 17 the Board necessarily found that claimant was dependent upon Mizugami at the time of his death, thereby satisfying the dependency requirement of Workers' Compensation Law § 16. We are of the opinion, therefore, that remittal would serve no useful purpose *(see, Matter of Dziuba v Driscoll & Moccia Constr. Corp.,* 25 AD2d 459, 460).

Crew III, Mahoney, Casey and Harvey, JJ., concur. Ordered that the decision and amended decision are affirmed, without costs.