■ In the Matter of the Claim of ROBERT SILVANIC, Appellant, v WALL-TO-WALL SOUND & VIDEO et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent.—Appeal from a decision of the Workers' Compensation Board, filed October 7, 1991, which, *inter alia,* ruled that claimant's subsequent employer was entitled to reimbursement for wages paid to claimant for a period of compensable disability.

Initially, we find that even if the employer's contention that claimant's appeal to the Workers' Compensation Board was untimely is correct, the Board has ample authority to entertain an untimely appeal *(see, Matter of Scanlon v State Ins. Fund,* 141 AD2d 902, *lv denied, appeal dismissed* 73 NY2d 1009).

Turning to claimant's arguments, we cannot accept his assertion that the employer who paid his wages as a result of a work-related injury sustained in his previous employment was not entitled to reimbursement under Workers' Compensation Law § 25 (4) (a). This is not a situation where "reimbursement of the advances will * * * benefit the employer at claimant's expense" *(Matter of Moses v City of New York Dept. of Traffic,* 173 AD2d 920; *see, Matter of Morgan v New York State Dev. Ctr.,* 166 AD2d 765). As this Court has previously stated, an "employer is entitled to reimbursement unless such reimbursement would achieve a disproportionate result, either to the employer *or employee" (Matter of Jones v Chevrolet-Tonawanda Div., GMC,* 87 AD2d 924, 925, *affd* 57 NY2d 851 [emphasis supplied]; *see, Matter of Jefferson v Bronx Psychiatric Ctr.,* 55 NY2d 69, 71). As the Board pointed out in this case, if reimbursement were denied claimant would then receive both workers' compensation benefits and his full salary for the same period of time. This would result in an imbalance favorable to the employee, thus requiring that the employer be reimbursed *(see, Matter of Jones v Chevrolet-Tonawanda Div., GMC, supra).* We also fail to find any support for claimant's contention that Workers' Compensation Law § 25 (4) (a) bars reimbursement of a subsequent employer. Claimant's remaining contentions have been considered and rejected as unpersuasive.

Weiss, P. J., Levine, Mahoney, Casey and Harvey, JJ., concur. Ordered that the decision is affirmed, without costs.