■ In the Matter of the Claim of DOUGLAS HOUDA, Appellant, v NIAGARA FRONTIER HOCKEY et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. (And Three Other Related Claims.) [792 NYS2d 651]—

Mugglin, J. Appeals from four decisions of the Workers' Compensation Board, filed November 4, 2003, which, inter alia, granted the employers' request for reimbursement.

In these four consolidated appeals, each claimant is a professional hockey player who was injured during the course of a game and, as a result, was awarded workers' compensation benefits. Each employer continued full salary payments to each claimant while they were not playing and, consequently, filed a timely request for reimbursement out of each player's schedule loss of use award. Each claimant and each employer were signatories to a National Hockey League standard player's contract. The Workers' Compensation Law Judge found that each claimant had sustained a compensable injury, but declined to award the employers any reimbursement. The Workers' Compensation Board modified, finding that the payments made to claimants constituted "payments in a like manner as wages," and awarded the employers full reimbursement pursuant to Workers' Compensation Law § 25 (4) (a). Each claimant appeals.

Pursuant to the standard player's contract, an injured player is required to be examined and treated by the club physician and to keep himself in good physical condition. He is also required to participate in promotional activities and team functions. As a result, claimants argue that the salary payments made to them while injured constituted wages paid in exchange for valuable services rendered and were not compensation within the meaning of Workers' Compensation Law § 25 (4) (a). Thus, they conclude that the Board erred in granting full reimbursement to the employers. Whether or not an employer is entitled to reimbursement hinges upon whether the employer would be unjustly benefitted if it received such reimbursement (see Matter of Silvanic v Wall-To-Wall Sound & Video, 188 AD2d 996, 996 [1992]). As this is a question of fact for the Board to determine, its determination will not be disturbed if there is "substantial evidence" in the record to support it (see Matter of Simonelli v Adams Bakery Corp., 286 AD2d 805, 805 [2001], lv dismissed 98 NY2d 671 [2002]). By applying this standard, we conclude that the Board correctly found that claimants' respective employers were entitled to reimbursement.

Pursuant to Workers' Compensation Law § 25 (4) (a), an

employer is entitled to reimbursement of "advance payments of compensation" or "payments [made] to an employee in like manner as wages" while that employee is disabled. The latter phrase, made "in like manner as wages," was added to the Workers' Compensation Law in 1930 (L 1930, ch 316, § 3) and was "designed to enable an employer to recover reimbursement for payments made to an employee during the period of disability which had not been expressly designated as advance payments of compensation" (*Matter of Lynch v Board of Educ. of City of N.Y.*, 1 AD2d 362, 364 [1956], *affd* 3 NY2d 871 [1957]). An employer can be reimbursed for compensation paid to a claimant even if that compensation was paid in accordance with a contract or a collective bargaining agreement (*see Matter of Jefferson v Bronx Psychiatric Ctr.*, 55 NY2d 69, 71 [1982]). Under the statute, an employer is entitled to reimbursement of these wages " 'unless such reimbursement would achieve a disproportionate result, either to the employer or employee' " (*Matter of Silvanic v Wall-To-Wall Sound & Video, supra* at 996, quoting *Matter of Jones v Chevrolet-Tonawanda Div., GMC*, 87 AD2d 924, 925 [1982], *affd* 57 NY2d 851 [1982] [emphasis omitted]).

Here, if reimbursement is denied, claimants would receive full compensation from their employers, as well as workers' compensation, and "[s]uch an imbalance favorable to the employees requires that reimbursement be granted to the employer" (*Matter of Jones v Chevrolet-Tonawanda Div., GMC, supra* at 925). While it is true that the employers received some benefit from claimants' activities while they were injured, they did not receive the benefit of claimants' primary service to be performed under the contract (*compare Baker v Standard Rolling Mills*, 284 App Div 433 [1954]). In these cases, it cannot be concluded that reimbursement of the advances would benefit the employers at claimants' expense (*see Matter of Silvanic v Wall-To-Wall Sound & Video, supra* at 996). It is not a purpose of the Workers' Compensation Law to allow an employee to profit through the receipt of double benefits (*see Matter of Herring v Great Kills Moving & Stor.*, 7 AD2d 797, 798 [1958], *lv denied* 6 NY2d 705 [1959]).

Mercure, J.P., Rose, Lahtinen and Kane, JJ., concur. Ordered that the decisions are affirmed, without costs.