In the Matter of the Claim of EDWARD KNOLL, Respondent, v CHEMUNG COUNTY et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [845 NYS2d 477]—

Crew III, J.P. Appeal from a decision of the Workers' Compensation Board, filed March 31, 2006, which ruled that claimant's leave accruals must be fully restored.

Claimant, an employee of Chemung County, injured his back while removing road signs from a truck. As a consequence, claimant was disabled and used accrued sick leave and vacation time in exchange for full payment of his wages while absent from work. Chemung County then requested reimbursement from the Workers' Compensation Board. A Workers' Compensation Law Judge (hereinafter WCLJ) found that claimant had suffered a compensable injury, made awards for the respective periods that claimant was absent from work and ordered that said awards be paid directly to the County as reimbursement for its payment of claimant's wages during the period of disability. The County then credited claimant with accrued sick leave and vacation time in an amount equivalent to the compensation awards, explaining that "[t]he amount of time being reimbursed is not as great as the actual time off because the compensation rate is lower than the regular wage rate."*

Claimant objected to the County's manner of reimbursement and requested a hearing with regard thereto. Following such hearing, the WCLJ determined that claimant's accrued leave must be fully restored. The County and its third-party administrator requested Board review of that decision and the Board affirmed the WCLJ's determination. The County and its third-party administrator now appeal.

Where, as here, an employer advances wages during a period of disability, the employer is entitled to reimbursement of such advancements from workers' compensation benefits (see Work-

---

* Claimant was credited with 130.75 accrued leave credits, whereas he utilized 277.5 hours of such credits in order to receive his full salary for the periods of disability.

ers' Compensation Law § 25 [4] [a]). However, the Court of Appeals has made plain that such reimbursement must not achieve a disproportionate result in favor of either the employer or the employee (*see Matter of Jefferson v Bronx Psychiatric Ctr.*, 55 NY2d 69, 71 [1982]). While the Court of Appeals has not yet discussed the issue of partial recrediting of sick leave and vacation time proportionate to the amount of a compensation award as the County attempted to do here, the *Jefferson* case is instructive in that regard. There the employer made advance payments to the injured claimant, which payments were charged against the claimant's accrued sick leave pursuant to the terms of a collective bargaining agreement. The agreement provided, among other things, that the first 10 days of sick leave were to be charged against the claimant's accrued sick leave credits, which credits were not to be restored. The Court of Appeals held that the employer was not entitled to reimbursement for the first 10 days of the wages it paid to the claimant because reimbursement for such advancement would, in effect, provide it with a double recovery. So, too, in the case at bar, if claimant was entitled to full restoration of his accrued sick leave and vacation time, he would receive a windfall not contemplated by the Workers' Compensation Law, the very disproportionate result condemned in *Jefferson*. Accordingly, the determination must be reversed and the matter remitted to the Board for further proceedings.

Peters, Spain, Lahtinen and Kane, JJ., concur. Ordered that the decision is reversed, without costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.