■ In the Matter of the Claim of MARY M. PAWLEWSKI, Respondent, v BUFFALO BOARD OF EDUCATION et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [861 NYS2d 831]—

---

Lahtinen, J. Appeal from a decision of the Workers' Compensation Board, filed April 10, 2007, which, among other things, ruled that the employer was not entitled to certain reimbursements.

Claimant, a teacher with the employer since the early 1990s, was injured when she fell at work on December 14, 2004, and she was still out of work at the time of the relevant workers' compensation hearings. Under the terms of the collective bargaining agreement between the employer and claimant's union, she was entitled to continue to receive regular wages and benefits for up to two years and "the salary allowance paid [to her] under worker[s'] compensation [would] be assigned to the [employer]." Since the employer paid her full wages, it sought reimbursement of compensation benefits (see Workers' Compensation Law § 25 [4] [a]). In July 2006, a Workers' Compensation Law Judge (hereinafter WCLJ) determined that the employer was entitled to reimbursement. The Workers' Compensation Board modified by, among other things, finding that the employer was not entitled to reimbursement for the 2005 summer recess (i.e., June 28, 2005 to September 1, 2005). The employer and its workers' compensation carrier appeal.

Workers' Compensation Law § 25 (4) (a) provides, in pertinent part, that if an employer "has made payments to an employee in like manner as wages during any period of disability, [the employer] shall be entitled to be reimbursed out of an unpaid instalment or instalments of compensation due." A disproportionate result is not favored for either the employer or employee under the reimbursement rubric (see Matter of Jefferson v Bronx Psychiatric Ctr., 55 NY2d 69, 71 [1982]; Matter of Knoll v Chemung County, 44 AD3d 1190, 1191 [2007]; see also Matter of Milan v Trico Prods. Corp., 53 NY2d 867, 868 [1981]). Indeed, the Court of Appeals has stated that reimbursement to an employer is appropriate "when otherwise an employee would have netted both compensation and full wages for the period of [his or] her disability" (Matter of Jefferson v Bronx Psychiatric Ctr., 55 NY2d at 72; see Matter of Jones v Chevrolet-Tonawanda Div., GMC, 87 AD2d 924, 925 [1982], affd 57 NY2d 851 [1982]). Here, claimant received her full annual wages. Those wages were paid in the same manner as she had received them before her injury. The payment was made consistent with the contractual terms under which a teacher's total annual salary is paid over a period of 10 months.

The current situation is distinguishable from *Matter of Lynch v Board of Educ. of City of N.Y.* (1 AD2d 362 [1956], *affd* 3 NY2d 871 [1957]), a case relied upon by the Board. In *Lynch*, we stated that an employer would not be "allowed to recover reimbursement out of installments of compensation due for later periods of disability, for loans or advances made by [it] during an earlier period of disability in excess of the compensation rate [because] the employee might be left without any periodic compensation payments for a period of years while the employer was being repaid [its] loans or advances" (*id.* at 364-365). In the current case, the employer was not seeking an amount in excess of the compensation rate and there was no long period without payments. Claimant's full wages were being paid on the same schedule as prior to her injury, including a continuation of those wages after the summer recess. Under these circumstances, prohibiting reimbursement over the summer provides claimant with the disfavored result of both her full wages and compensation (*see Matter of Jefferson v Bronx Psychiatric Ctr.*, 55 NY2d at 72; *Matter of Lynch v Board of Educ. of City of N.Y.*, 1 AD2d at 364). Accordingly, we conclude that the Board erred in reversing that part of the WCLJ's determination regarding reimbursement during claimant's summer recess.

The remaining issues are either not properly before us or are otherwise unavailing.

Peters, J.P., Spain, Carpinello and Malone Jr., JJ., concur. Ordered that the decision is modified, without costs, by reversing so much thereof as held that the employer was not entitled to reimbursement for the 2005 summer session; matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.