Peters, P.J.
Claimant, a guard at a state-run psychiatric center, suffered a work-related injury to his left elbow on July 1, 2008. His claim for workers’ compensation benefits was established and he was awarded benefits from July 2, 2008 to September 7, 2009. During this period, claimant used his five days of allotted annual personal leave time and received full payment of wages for that time. The employer thereafter requested reimbursement at the workers’ compensation benefit rate for the advance payment of compensation during claimant’s disability, including for the time charged against claimant’s personal leave time. The Workers’ Compensation Board ultimately ruled that the employer was not entitled to reimbursement related to claimant’s personal leave time. The employer and its workers’ compensation carrier appeal.
Workers’ Compensation Law § 25 (4) (a) provides that “[i]f the employer has made advance payments of compensation, or has made payments to an employee in like manner as wages during any period of disability, [the employer] shall be entitled to be reimbursed out of an unpaid installment or installments of compensation due.” Further, “[a]n employer can be reimbursed for compensation paid to a claimant even if that compensation was paid in accordance with a contract or a collective bargaining agreement” (Matter of Houda v Niagara Frontier Hockey, 16 AD3d 926, 928 [2005]; see Matter of Jefferson v Bronx Psychiatric Ctr., 55 NY2d 69, 71 [1982]), and reimbursement must be awarded to the employer “unless such reimbursement would achieve a disproportionate result, either to the employer or employee” (Matter of Jones v Chevrolet-Tonawanda Div., GMC, 87 AD2d 924, 925 [1982], affd 57 NY2d 851 [1982]; accord Matter of Silvanic v Wall-To-Wall Sound & Video, 188 AD2d 996, 996 [1992]).
The circumstances presented here are distinguishable from Matter of Poupard v Mohonasen Cent. School Dist. (56 NY2d 764, 765 [1982]) and Matter of Jefferson v Bronx Psychiatric Ctr. (55 NY2d at 71), the cases relied on by the Board. There, the employees charged time during disability to their accrued sick *912 leave credits and, pursuant to their respective collective bargaining agreements, such used sick leave credits could not be restored. Because the employees could later convert their accrued sick leave credits into retirement service credits, the loss of those credits resulted in a permanent benefit to the employers. The Court of Appeals thus concluded that an award of reimbursement for the payment of the accrued sick leave, coupled with the permanent benefit of the reduced sick leave credits, would result in a disproportionate benefit to the employers and a net detriment to the employees. Accordingly, reimbursement was denied {id.).
In the current case, personal leave credits, as opposed to sick leave credits, may not be accrued from year to year or converted into cash or retirement credits {see 4 NYCRR 21.6 [b]). Thus, in our view, the use by claimant of his personal leave time during disability did not result in a permanent benefit to the employer or a net detriment to claimant, as claimant did not surrender “valuable vested rights” in return for the payment of full wages (Matter of Jefferson v Bronx Psychiatric Ctr., 55 NY2d at 71; see Matter of Morgan v New York State Dev. Ctr., 166 AD2d 765, 765-766 [1990]; see also Matter of Knaszak v Buffalo Forge Co., 15 AD2d 971, 972 [1962]). Rather, here, the denial of reimbursement for payments related to personal leave credits would result in claimant receiving both full wages and compensation benefits for the time in question. Such a result is disfavored and requires that reimbursement be granted to the employer (see Matter of Pawlewski v Buffalo Bd. of Educ., 53 AD3d 834, 835 [2008]; Matter of Silvanic v Wall-To-Wall Sound & Video, 188 AD2d at 996; Matter of Jones v Chevrolet-Tonawanda Div., GMC, 87 AD2d at 925). In light of our determination, the employer and carrier’s remaining contention is academic.
Lahtinen, Stein and Egan Jr., JJ, concur. Ordered that the decision is reversed, without costs, and matter remitted to the Workers’ Compensation Board for further proceedings not inconsistent with this Court’s decision. *913 respondent’s order awarding damages to Adam W. Bargy and Orlando Colon.