In the Matter of the Claim of ELEANOR TOOLE, Appellant, against CARBORUNDUM COMPANY et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by claimant. This is a death case. Deceased died while he was pushing a truck with a load of about 2,500 pounds. The temperature in the kiln room where he was working was 90 to 95 degrees. The board in its memorandum decision which reversed an award made by a referee stated " co-worker's testimony is to the effect that he saw deceased lying 'right behind the load' while both waited for the elevator. He furthermore testified that their work consisted solely of moving the trucks around and that nothing unusual happened on that day, and that claimant did not complain to him and that 'you take the truck and trot along like a baby carriage.'" The testimony upon which that statement is founded was given by the witness Fleming, as follows: " Q. Pushing trucks of substantially the same weight? A. You can never tell the weights. They are all different weights. Unless you look at the slip you can't tell what is on them. Referee: You know how much effort you had to use to push the truck that morning? A. Yes. Q. How much? A. An average load. Q. What effort do you have to use? Do you take them with one hand and trot along? A. Yes, like a baby carriage. Q. Do you have to get down like a truck horse? A. You got to get down and pull. Q. And pull hard? A. Yes." The statement by the board indicates a misconception of the testimony. The claim should be remitted for further consideration and for the taking of such additional testimony as the parties present. Decision reversed, with costs to the claimant against the employer and carrier, and matter remitted to the Workmen's Compensation Board. All concur.

In the Matter of the Claim of JOHN CLANCY, Respondent, against H. CHESTER SWEZEY et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— The employer and insurance carrier have appealed from the decision of the Workmen's Compensation Board in claimant's favor. Claimant was employed as a gardener and caretaker. The board found that on June 24, 1944, while claimant was mowing the grass on the employer's premises, something struck him in the left eye which resulted in the permanent loss of vision of that eye. The proof sustains the finding. Award affirmed, with costs to the Workmen's Compensation Board. All concur. [See 271 App. Div. 757.]

In the Matter of the Claim of BENTON S. BLOCK, Respondent, against MARKHAM & PUFFER et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— In this appeal by an employer and insurance carrier, the State Insurance Fund, the question is whether an employer's right to be reimbursed for advance payments of compensation from the proceeds of an unpaid award of workmen's compensation, under section 25 of the Workmen's Compensation Law, is dependent upon certain formalities which respondent contends must be observed in the filing of a claim therefor. In the absence of more specific statutory direction, we consider that proof of the advance payments and the employer's testimony of a claim and demand for reimbursement, duly made and incorporated into the minutes and record of the case, constitutes a sufficient filing of the claim to entitle its payment. This, notwithstanding the fact that the formalities contended for, such as a separate filing of a written claim made upon a prescribed form, would be in furtherance of more orderly record. Award and decision modified so as to grant reimbursement as directed by the decision of the referee, and as modified affirmed, without costs. All concur.