Deyo, J.
(dissenting). As I read section 25 of the Workmen’s Compensation Law, the requirements that a claim for reimburse *520 ment be filed before.the award for compensation is made, relates only to an uninsured employer who is seeking recoupment out of unpaid installments. It has no relation to the situation herein presented, where the employer seeks reimbursement from his insurance carrier. Under such" circumstances the statute provides that the board shall direct such reimbursement in the absence of a waiver thereof without regard to when the claim was filed. Concededly, there has been no waiver here.
Furthermore, the record discloses that the carrier specifically notified the board on three separate occasions that reimbursement was to be made to the employer: first, by its notice of May 10,1948, that compensation payments had begun, and later by its notices of June 4th and June 29th that payments had been suspended. I am of the opinion that these constituted a sufficient filing of a claim for reimbursement, if such filing be deemed a prerequisite. This court has but recently held that a demand for reimbursement appearing somewhat casually in the testimony of the employer, without further formality, constituted a sufficient filing of the claim to entitle its payment. (Matter of Block v. Markham & Puffer, 270 App. Div. 969.) If that holding is to be followed, we must admit that there was a sufficient filing in the case at bar.
The award and decison should be modified and the matter remitted to the board, directing it to grant reimbursement to the employer in the sum of $59.27, with costs to the appellants.
Heffernan and Santry, JJ., concur with Foster, P. J.; Deyo, J., dissents, in an opinion in which Brewster, J., concurs.
Award and decision affirmed, without costs.