■ In the Matter of the Claim of ROBERT WHITE, Appellant, against EDSON BARRETT et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from a decision of the Workmen's Compensation Board. Reimbursement has been allowed by the board to the employer for advance payment of compensation made to claimant. The question raised on this appeal is whether the employer, in conformity with section 25 of the Workmen's Compensation Law, filed a claim for reimbursement before the award was made. The first award of compensation was made September 8, 1953 and was affirmed here (285 App. Div. 909). Almost three years before this, on December 11, 1950 the employer notified the board in writing that he had been " paying the claimant his regular wages "; and this was followed by a further notice on April 26, 1952, addressed to a referee of the board, stating that the employer " had been paying " claimant " since the accident." The board has treated these letters as sufficient advising it that " payment of wages was being made during disability " to be " tantamount to a request for reimbursement ". There may be some relaxation of formality in the filing of such a claim for reimbursement if the board is satisfied with its sufficiency and that adequate notice has been given. (*Matter of Block* v. *Markham & Puffer,* 270 App. Div. 969.) We think the board was within the frame of its legal power in deciding a sufficient claim for reimbursement had been filed. In addition to this, the award of September 8, 1953 was not the award which finally fixed the liability for compensation. Such a final award was made May 17, 1955. It " modified previous award " and fixed different amounts. This could reasonably be construed to be the " award of compensation " within the contemplation of section 25. Before this award was made the employer made more formal request for reimbursement on the record before the referee. Decision of the Workmen's Compensation Board affirmed, without costs. Foster, P. J., Bergan, Coon and Gibson, JJ., concur.

■ In the Matter of the Claim of EMIL BAKKE, Respondent, against IRA S. BUSHEY & SON et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from a decision and award of the Workmen's Compensation Board. Claimant was employed as a ship fitter and had worked for the same employer for 17 years until he retired on April 29, 1955. The environment of his work was noisy and it has been found as a result of this he suffered progressive deafness, an occupational disease from which disablement resulted on the date of his retirement April 29, 1955. The proof of disablement on that date attributable to this work for the employer is adequate and in this respect the case is similar to *Matter of Lumsden* v. *Despatch Shops* (5 A D 2d 242). The appellant State Insurance Fund was on the risk at the date of disablement and had been on it for about a year and a half. Since the disablement is treated as the accident the carrier then on the risk would become responsible for the award for an occupational disease contracted in the same employment for the same employer unless it were found that there was no injurious exposure during this carrier's period of coverage. The record in this respect is not strong. Claimant in response to the question whether there was " still noise " until the time of his retirement testified " Yes, once in a while ". A prior carrier had been held responsible for the award by the referee and the State Fund was not on notice at the time of the hearing before

the referee. But on the appeal to the board of the carrier originally found liable the State Fund was given notice. It appeared but made no argument there that the proof was not adequate to sustain exposure to noise during the period of its coverage and made no request for rehearing to allow it to develop the record in the event the board found the date of claimant's retirement to be the date of disablement. It argued for the first time in this court that there is no adequate proof of continuance of noise environment; and in any event that it should be permitted to dispute any inference of continued exposure from the claimant's testimony. We think that a prima facie case of responsibility has been made out against the carrier on the risk at the time of disablement, the proof of disablement arising from the long employment by the same employer being adequate. If the appellant wanted opportunity to offer further proof on exposure to noise or to question the claimant further, it had a minimal obligation to ask the board to remit the claim for this purpose. Claimant, whose right to compensation is not questioned, was 75 years old in 1955 when he retired. Our experience with remission of cases to the board is that ultimate decision is often reached after protracted periods of time. We are of opinion appellant has not demonstrated ground for reversal. Decision and award affirmed, with costs to respondent carrier against appellant carrier. Foster, P. J., Bergan, Coon and Gibson, JJ., concur.