Appeal from a decision of the Workmen’s Compensation Board. Reimbursement has been allowed by the board to the employer for advance payment of compensation made to claimant. The question raised on this appeal is whether the employer, in conformity with section 25 of the Workmen’s Compensation Law, filed a claim for reimbursement before the award was made. The first award of compensation was made September 8, 1953 and was affirmed here (285 App. Div. 909). Almost three years before this, on December 11, 1950 the employer notified the board in writing that he had been “ paying the claimant his regular wages ”; and this was followed by a further notice on April 26, 1952, addressed to a referee of the board, stating that the employer “ had been paying ” claimant “ since the accident.” The board has treated these letters as sufficient advising it that “ pajrment of wages was being made during disability ” to be “ tantamount to a request for reimbursement ”. There may be some relaxation of formality in the filing of such a claim for reimbursement if the board is satisfied with its sufficiency and that adequate notice has been given. (Matter of Block v. Markham & Puffer, 270 App. Div. 969.) We think the board was within the frame of its legal power in deciding a sufficient claim for reimbursement had been filed. In addition to this, the award of September 8, 1953 was not the award which finally fixed the liability for compensation. Such a final award was made May 17, 1955. It “modified previous award ” and fixed different amounts. This could reasonably be construed to be the “ award of compensation ” within the contemplation of section 25. Before this award was made the employer made more formal request for reimbursement on the record before the referee. Decision of the Workmen’s Compensation Board affirmed, without costs.
Foster, P. J., Bergan, Coon and Gibson, JJ., concur.