In the Matter of the Claim of KENNETH M. DREW, Respondent, v. BOARD OF EDUCATION OF UNION FREE SCHOOL DISTRICT No. 1, TOWN OF CARROLLTON, et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.—

Reynolds, Staley, Jr., Greenblott and Cooke, JJ., concur. Herlihy, P. J., dissents and votes to remit in the following memorandum: I agree with the majority that the constitutional issues attempted to be raised are without merit. However, the majority appear to be holding that an actual claim must be filed prior to the making of an award by a Referee when as a matter of law all that is necessary is that the board have notice prior to an award that wages are being paid during the period of disability from which notice the board may infer a request for reimbursement. (See *Matter of White* v. *Barrett*, 5 A D 2d 909, mot. for lv. to app. den. 5 N Y 2d 706; *Matter of Herring* v. *Great Kills Moving & Stor.*, 7 A D 2d 797, 798, mot. for lv. to app. den. 6 N Y 2d 705.) The appellants duly requested reconsideration by the board of the Referee action prior to the award being final pursuant to the provisions of section 23 of the Workmen's Compensation Law. The shortened record utilized upon the present appeal contains a document at page 15 which was dated July 30, 1968 (13 days after the accident) which stated: " c [X] Lost time exceeds 7 days, but *full wages* being paid by employer *during disability* ". (Emphasis supplied.) Subsequent reports by the carrier indicate that although disability began on July 17, 1968 and it did not controvert the claim, it did not begin payments until from August 12, 1968. The board has found that although the award was made at a hearing before the Referee on July 17, 1969 no reimbursement was then requested (orally) and that no reimbursement request was filed prior to the date of such hearing. The decision of the board does not mention the document referred to hereinabove which was notice to it that wages were being paid during the disability. It does not appear that the board panel gave any consideration to its power to consider such notice a request for reimbursement. " It is not the purpose of Workmen's Compensation Law that the employee should profit therefrom and in effect that has happened here through double benefits — both wages and compensation (*Matter of Birmingham* v. *City of Niagara Falls*, 282 App. Div. 970)." (*Matter of Herring* v. *Great Kills Moving & Stor.*, 7 A D 2d 797, 798, *supra*.) It appears from the record that the insurance carrier is withholding the sum of $475.75, the amount of reim-

bursement, pending determination of this appeal. If the decision of the board is affirmed, it will, no doubt, be paid to the claimant resulting in double compensation, which the Workmen's Compensation Law does not generally sanction. Because of the failure of the board to set forth in its decision some consideration of the various documents in the record which were sufficient to give notice to the board that wages were in fact paid during the disability, the decision should be reversed and the matter remitted to the board for further consideration (cf. *Matter of Dodge* v. *New York Tribune Co.*, 3 A D 2d 614).