OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
Section 25 (subd 4, par [a]) of the Workers’ Compensation Law entitles an employer to reimbursement out of compensation due when he has either made advance payment of compensation or continued payment of wages. The only statutory limitations on that right are that it may be waived by filing a document so stating with the chairman of the board and it may be lost by failing to file a claim before compensation is awarded.
Though nothing in the section proscribes a contractual waiver by the employer, the contract provision here in question is insufficient to limit the reimbursement right to the weekly compensation benefit paid rather than the full wages advanced. By that provision the board of education agreed to continue regular pay during disability and the union agreed for its members that "the salary allowance paid the teacher under Workmen’s Compensation will be assigned to the *873 Board.” The assignment was wholly unnecessary since the board had a statutory right to reimbursement without, it. The provision was, however, meaningful for the teachers since it gave them full pay during disability rather than reduced compensation benefits. Nothing in the arrangement made and nothing in the record suggests that the use of the words "salary allowance” was intended as a waiver by the board of its right to the difference between regular pay and benefits and that allowance. The conclusion argued for by the dissenters as the "plain meaning” of the contract provision reads into that provision a limitation which cannot be found in its language, on the basis of an assumption (that "it was evidently intended to completely regulate the relationship”) for which there is no support in the record.