■ In the Matter of the Claim of CLARENCE MILAN, Respondent, v TRICO PRODUCTS CORPORATION, Appellant. WORKERS' COMPENSATION BOARD, Respondent.—Appeals from decisions of the Workers' Compensation Board, filed May 18, 1979 and September 25, 1979, which affirmed a referee's decision and award refusing to credit against the award of a payment made by the employer for one day's holiday payment. Claimant was injured at work and totally incapacitated from June 7, 1977 to July 7, 1977. He was paid by his self-insured employer his regular wage for the July 4 holiday falling within the period. He was not paid disability for the day. The Workers' Compensation Board held that an award of compensation was in order regardless of the employer's payment for the holiday. The board held that the payment for the holiday is a private matter between the union and employer and beyond the board's jurisdiction. The employer is seeking credit for the holiday pursuant to section 25 (subd 4, par [a]) of the Workers' Compensation Law. The section provides for reimbursement for payments made by an employer in like manner as wages, provided his claim for reimbursement is filed before award for compensation is made. While it appears from the record that a form seeking reimbursement was not filed prior to an award, nevertheless, it is established that prior to the making of the initial award, the *employer's* representative, at a hearing held on June

16, 1978, did orally request a setoff or reimbursement before the award was made. In the case of *Matter of Block v Markham & Puffer* (270 App Div 969), it was held that the statutory requirements of reimbursement claim filing are satisfied if the *employer* orally presents the claim at a hearing prior to the making of an award. By that test, the self-insured employer has substantially complied with the requirements of the Workers' Compensation Law. (See, also, *Matter of White v Barrett,* 5 AD2d 909.) The case of *Matter of Poveromo v Taylor* (275 App Div 518, affd 301 NY 513), relied upon by the board upon this appeal, is inapposite. In the *Poveromo* case, the only notice to the board of a claim for reimbursement was provided by various statements made by the employer's *insurance carrier,* and under such circumstances, the *employer* has filed no claim. The case of *Matter of Robinson v New York Tel. Co.* (60 AD2d 709) is also not controlling as to the filing of a claim because in that case the court found no evidence in the record of any presentation of a claim by the *employer* prior to the making of an award. Accordingly, the claim for reimbursement should not be denied on the basis of a failure to file the claim before an award was made. Nevertheless, the claim was properly denied. There is no showing of a payment intended to be in lieu of compensation payments and "It is well established that a claimant may receive both vacation pay and compensation benefits under such circumstances". *(Matter of Robinson v New York Tel. Co., supra,* p 709.) Decisions affirmed, with costs to the Workers' Compensation Board against the employer. Mahoney, P. J., Greenblott, Main, Mikoll and Herlihy, JJ., concur.