■ In the Matter of the Claim of PASQUALE CALIGUIRE, Appellant, v LANSINGBURGH CENTRAL SCHOOL DISTRICT et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. — Appeal from a decision of the Workers' Compensation Board, filed April 17, 1980. Claimant, a teacher in the Lansingburgh Central School District, was injured in the course of his employment on June 22, 1978. Thereafter, claimant was awarded the maximum compensation rate for the period of June 23, 1978 to August 4, 1978. The State Insurance Fund (Fund) requested a review of the Administrative Law Judge's decision noting that the C-9 filed by the Fund requested full reimbursement for the wages it had advanced to claimant pursuant to the terms of a collective bargaining agreement. After a second hearing, a decision was made directing that the employer be reimbursed for the wages paid to claimant. The board affirmed. Claimant, who would be the recipient of both the compensation award and the wages advanced by the employer pursuant to contract if the employer should be found not to be entitled to reimbursement, appeals from the board's affirmance. Section 25 (subd 4, par [a]) of the Workers' Compensation Law entitles an employer to reimbursement out of compensation due when he has either made advance payments or, as here, continued payment of wages. The only statutory limitations on that right are that it may be waived by filing a document so stating or by failing to file a claim before compensation is awarded (Matter of Adolf v City of Buffalo Bd. of Educ., 50 NY2d 871, 872). Claimant contends both limitations are present here. We disagree. The C-9 (report of injury) filed June 30, 1978 by the Fund, approximately one month before compensation was awarded, had embossed thereon in capital letters "FULL REIMBURSEMENT REQUESTED". Further, the board found, and we concur, that the carrier made timely oral requests for reimbursement. These facts are distinguishable from those in Matter of Drew v Board of Educ. (29 NY2d 510). In Matter of Drew there was no request for reimbursement of any kind before compensation was awarded, it being the position of the State Insurance Fund, rejected by the court, that since advance wages were paid the board should have inferred a request for reimbursement. Such is not the case herein. Next, though nothing in section 25 (subd 4, par [a]) of the Workers' Compensation Law proscribes a contractual waiver by the employer to reimbursement for advanced payments or wage continuance (Matter of Adolf v City of Buffalo Bd. of Educ., supra), the terms of the collective bargaining agreement herein are insufficient to limit the employer's entitlement to reimbursement. The contract merely binds the employer to continue regular salary during the employee's absence due to injury for a period of one year. There is no language of waiver anywhere in the contract. Lastly, there is nothing contained in the record that supports claimant's contention that the sum ordered to be reimbursed was not the product of the weekly compensation rate and the number of weeks of absence. The amount of the full wages paid was not the amount of the reimbursement. Decision affirmed, without costs. Mahoney, P.J., Sweeney, Kane, Casey and Weiss, JJ., concur.