■ In the Matter of the Claim of NANCY POUPARD, Appellant, v MOHONASEN CENTRAL SCHOOL DISTRICT et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. — Appeal from a decision of the Workers' Compensation Board, filed October 3, 1980 and amended January 21, 1981, which ordered reimbursement for advance payments of salary by the employer. Claimant, a librarian in the Mohonasen Central School District, was injured in the course of her employment on November 18, 1977. Pursuant to the terms of a collective bargaining agreement, the school district paid claimant her full salary for the first week of her disability, and for the next 26 weeks paid claimant the difference between her full salary and the disability benefits she was receiving. Thereafter, claimant drew upon accumulated sick leave for the remaining 23 days of her disability, as authorized by the collective bargaining agreement. Claimant was ultimately awarded a 45% schedule loss for her injury and the employer, who had timely filed for reimbursement, sought reimbursement from the award for advance payments. The referee granted reimbursement in the amount of $9,771.72 and the board affirmed. Claimant now appeals. An employer is entitled to reimbursement out of compensation due when he has

made advance payments or continued payments of wages (Workers' Compensation Law, § 25, subd 4, par [a]). The only statutory limitations are that reimbursement may be waived by the employer's filing of a statement so stating or by failing to file a claim before compensation is awarded *(Matter of Adolf v City of Buffalo Bd. of Educ.,* 50 NY2d 871, 872). Neither limitation is present here, and since there is no language of waiver in the collective bargaining agreement, there has been no contractual waiver of the employer's right to reimbursement *(Matter of Caliguire v Lansingburgh Cent. School Dist.,* 81 AD2d 713). It should be noted that the employer continued paying wages here pursuant to a collective bargaining agreement provision concerning only disability arising out of and in the course of employment. Under this plan, the employer agreed, in essence, to assure an employee's receipt of full wages for the first 27 weeks of an occupational disability. Payments made under such a plan constitute an advance payment of compensation (see *Matter of Krosky v Shell Oil Co.,* 26 AD2d 847), and are to be distinguished from payments made pursuant to a plan which covers disability irrespective of the cause (see, e.g., *Matter of Brock v Great A & P Tea Co.,* 84 AD2d 645). Upon expiration of the 27 weeks, the plan allows the injured employee to continue to receive full wages, but only by drawing on accumulated sick leave. However, wages paid and charged to sick leave accumulated pursuant to the terms of a collective bargaining agreement are not reimbursable under section 25 (subd 4, par [a]) of the Workers' Compensation Law *(Matter of Jefferson v Bronx Psychiatric Center,* 78 AD2d 922, mot for lv to app granted 54 NY2d 601). The rationale for this principle is that where, as here, sick leave is accumulated pursuant to the terms of a collective bargaining agreement, wages paid and charged to such leave for work-related disability are not truly voluntary advance payments of compensation, but rather are compulsory payments pursuant to an obligation previously assumed by the employer *(supra)*. Accordingly, the board erred insofar as it allowed reimbursement for the 23 days of wages paid and charged to claimant's accumulated sick leave. Decision modified, by reversing so much thereof as granted reimbursement for the 23 days of wages paid and charged to claimant's accumulated sick leave, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent herewith and, as so modified, affirmed, with costs to claimant. Sweeney, J. P., Kane, Main, Casey and Herlihy, JJ., concur.