■ In the Matter of the Claim of CARMEN VELJI, Respondent, v RURAL FARMS WORKERS OPPORTUNITY et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. — Appeal from a decision of the Workers' Compensation Board, filed June 9, 1982. The sole issue on this appeal is whether there is substantial evidence to support the board's finding that the employer and its carrier were not entitled to reimbursement out of the award of compensation for wages paid to claimant during the period of disability. We hold that the board's finding is irrational and, therefore, reverse its decision. It is uncontested that claimant sustained a work-related injury on December 13, 1979, and received wages from her employer during the period of disability. Dated January 17 and January 29, 1980, C-9 forms, entitled "Notice That Right To Compensation Is Not Controverted But Payment Has Not Begun" were filed by the carrier with the board. On each form the carrier checked the appropriate

box to indicate that lost time exceeded seven days and that full wages were being paid by the employer. Adjacent thereto the carrier typed in a notation requesting reimbursement. Pursuant to section 25 (subd 4, par [a]), the employer was entitled to reimbursement out of claimant's award for either advanced payment of compensation or continued payment of wages. "The only statutory limitations on that right are that it may be waived by filing a document so stating with the chairman of the board and it may be lost by failing to file a claim before compensation is awarded" (*Matter of Adolf v City of Buffalo Bd. of Educ.,* 50 NY2d 871, 872). The board's rationale for denying reimbursement, that a claim for reimbursement cannot be made on a C-9 form, has the effect of adding an additional limitation on the employer's statutory right to reimbursement. The language of the statute (Workers' Compensation Law, § 25, subd 4, par [a]) provides no support for the imposition of this additional limitation, which involves formal and technical filing conditions. Nor can the board's imposition of technical filing conditions be justified under the guise of statutory construction, since no rational basis has been offered for construing the statutory filing limitation as requiring that the filing of the claim conform with certain technical conditions. Although the board's finding that an employer has failed timely to file a claim for reimbursement when he files only a bare statement that full wages are being paid during disability has a rational basis (*Matter of Drew v Board of Educ.,* 35 AD2d 871, affd 29 NY2d 510), where, as here, the C-9 form indicating continued payment of wages, which was concededly filed before the award of compensation, specifically requests reimbursement, the board's finding that no claim for reimbursement was timely filed is irrational and cannot be sustained (see *Matter of Caliguire v Lansingburgh Cent. School Dist.,* 81 AD2d 713, mot for lv to app den 54 NY2d 605, where this court affirmed a board decision finding that a C-9 form containing the words "full reimbursement requested" constituted a claim for reimbursement). On appeal, the board points out that the C-9 forms did not indicate the amount of reimbursement sought. The board did not, however, base its decision on this alleged shortcoming. In any event, the amount of reimbursement to which the employer is entitled is clearly a factual issue for the board to decide independent of the question as to whether a claim for reimbursement has been timely filed. Decision reversed, with costs against the Workers' Compensation Board, and matter remitted to the board for further proceedings not inconsistent herewith. Mahoney, P. J., Sweeney, Kane, Casey and Weiss, JJ., concur.