■ In the Matter of the Claim of ANTHONY TATEM, Respondent, v SHILD COMPANY ASSOC. et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. — Appeal from a decision of the Workers' Compensation Board, filed August 2, 1982. The only issue on this appeal is whether the board erred in denying the employer reimbursement for full wages paid to claimant from November 15, 1979 to November 23, 1979, following an industrial accident on November 14, 1979. On December 17, 1979, the carrier, on behalf of the employer, filed a C-9, noting that compensation was not controverted, but payment was not being made because full wages were being paid by the employer during disability, and reimbursement was requested (Workers' Compensation Law, § 25, subd 4, par [a]). A decision of an administrative law judge dated March 18, 1982 made a scheduled award of $600 for serious facial disfigurement, and closed the case without providing for reimbursement to the employer. The board affirmed finding that the filing of the C-9 was not in accord with the statutory requirement and, additionally, there was no oral request for reimbursement made at the hearings. It further found that a particularized statement of wages paid and reimbursement request contained in the carrier's application for review, dated April 14, 1982, was filed after the making of an award, and was thus untimely. There must be a reversal. Although an oral request for reimbursement is substantial compliance with the statutory requirement, there is nothing contained in section 25 (subd 4, par [a]) of the Workers' Compensation Law mandating both oral and written request (see *Matter of Milan v Trico Prods. Corp.,* 77 AD2d 728, revd on other grounds 53 NY2d 867). Furthermore, the C-9, as filed, was sufficient to support the claim for reimbursement (*Matter of Velji v Rural Farms Workers Opportunity,* 93 AD2d 936; *Matter of Caliguire v Lansingburgh Cent. School Dist.,* 81 AD2d 713, mot for lv to app den 54 NY2d 605). Decision reversed, with costs against the Workers' Compensation Board, and matter remitted to the board for further proceedings not inconsistent herewith. Mahoney, P. J., Sweeney, Kane, Casey and Weiss, JJ., concur.