█ In the Matter of the Claim of DOROTHY IAMICELI, Respondent, v AMERICAN TELEPHONE & TELEGRAPH, Appellant. WORKERS' COMPENSATION BOARD, Respondent.—Mercure, J. Appeal from a decision of the Workers' Compensation Board, filed April 19, 1991.

Claimant suffered an injury to her right arm on October 9, 1987. At a November 10, 1989 hearing, at which claimant and the self-insured employer were represented by counsel, a Workers' Compensation Law Judge (hereinafter WCLJ) incorporated previous awards into an over-all award for schedule loss of use of 12½% of the right arm equal to 39 weeks. On the question of reimbursement to the employer, at issue on this appeal, the WCLJ stated, "Credit employer $6,144.30, balance to claimant. Make that credit employer entire schedule. No protracted healing period and case is closed." Claimant's counsel noted his objection to reimbursement to the employer. The WCLJ's decision was incorporated into a November 20, 1989 award. Following claimant's appeal, the case was reopened and restored to the trial calendar for further consideration of the issue of the employer's entitlement to reimbursement and, ultimately, the Workers' Compensation Board found that the employer failed to make a written or oral request for reimbursement and was, accordingly, not entitled to reimbursement. The employer appeals.

We affirm. It is fundamental that reimbursement pursuant to Workers' Compensation Law § 25 (4) (a) is conditioned upon the employer making a request therefor prior to the time the award of compensation is made (see, Matter of Adolf v City of Buffalo Bd. of Educ., 50 NY2d 871, 872; Matter of Drew v Board of Educ., 35 AD2d 871, affd 29 NY2d 510). In this case,

the record evidences no oral or written request for reimbursement prior to the November 20, 1989 schedule award. In our view, the WCLJ's November 10, 1989 reference to reimbursement in a specific dollar amount does not compel a finding that a request for reimbursement had been made. Notice of the fact that wages were being paid during the period of disability and of the employer's consequent entitlement to reimbursement is not the equivalent of receipt of a request or claim therefor (see, Matter of Drew v Board of Educ., supra). Finally, to the extent that a request for reimbursement may have been made in the employer's November 28, 1989 notice that payment of compensation has been stopped or modified or its July 26, 1990 memorandum of law, it was untimely.

Mikoll, J. P., Yesawich Jr., Crew III and Casey, JJ., concur. Ordered that the decision is affirmed, without costs.