■ In the Matter of the Claim of SCOTT BAILEY, Appellant, v VERIZON et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [817 NYS2d 692]—

Lahtinen, J. Appeal from a decision of the Workers' Compensation Board, filed April 25, 2005, which, inter alia, ruled that the employer was entitled to full reimbursement for certain benefits paid to claimant.

Claimant, a field technician, sustained a work-related injury to his right knee in February 2004. Although the employer paid his wages while he was out of work, claimant also submitted a claim for workers' compensation benefits. A hearing was conducted in October 2004, following which a Workers' Compensation Law Judge (hereinafter WCLJ) directed the employer to file various documents, including a request for reimbursement for the wages that it had paid to claimant during the time that he was unable to work. After a December 2004 hearing, the WCLJ established claimant's case and disallowed reimbursement to the employer based upon its failure to file the appropriate request as previously directed. The Workers' Compensation Board thereafter modified the WCLJ's decision, finding, among other things, that the employer was entitled to reimbursement because it had made a valid oral request for such relief during the October 2004 hearing. Claimant now appeals.

We reverse. "It is fundamental that reimbursement pursuant to Workers' Compensation Law § 25 (4) (a) is conditioned upon the employer making a request therefor prior to the time the award of compensation is made" (*Matter of Iamiceli v American Tel. & Tel.*, 189 AD2d 1040, 1040 [1993] [citations omitted]; *see Matter of Burrows v Long Is. Light. Co.*, 234 AD2d 808, 808 [1996]). While it is true that "an oral request for reimbursement is substantial compliance with the statutory requirement" (*Matter of Tatem v Shild Co. Assoc.*, 93 AD2d 964, 964 [1983]), the record in this case is devoid of any evidence that the employer ever made such a request. The Board, in reaching its decision, referenced the WCLJ's "scratch sheet," finding that it indicated that an oral request for reimbursement had been made by the employer during the October 2004 hearing. A review of the scratch sheet, however, reveals that it merely noted that a reimbursement request was to be filed in the future. The scratch sheet contained no mention of any such request actually having

been made.* That being so, and there being no evidence anywhere else in the record demonstrating that the employer, either orally or in writing, ever requested reimbursement before compensation was awarded (*see* Workers' Compensation Law § 25 [4] [a]), we cannot conclude that the Board's decision is supported by substantial evidence.

Crew III, J.P., Peters, Spain and Kane, JJ., concur. Ordered that the decision is reversed, with costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.

---

* Notably, upon its application for Board review, the employer did not argue that it made an oral request for reimbursement during the October 2004 hearing. Rather, the employer alleged that an oral request was made at the December 2004 hearing.