■ In the Matter of the Claim of JAMES DOMANICO, Respondent, v WOODMERE FIRE DISTRICT et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [823 NYS2d 921]—

Lahtinen, J. Appeal from a decision of the Workers' Compensation Board, filed April 4, 2005, denying the employer's request for reimbursement of wages paid to claimant during his period of disability.

" 'It is fundamental that reimbursement pursuant to Workers' Compensation Law § 25 (4) (a) is conditioned upon the employer making a request therefor prior to the time the award of compensation is made' " (*Matter of Bailey v Verizon*, 30 AD3d 778, 779 [2006], quoting *Matter of Iamiceli v American Tel. & Tel.*, 189 AD2d 1040, 1040 [1993]). In a June 24, 2004 notice that payment of compensation had been stopped or modified, the self-insured employer added that the total compensation benefits due claimant were to be reimbursed to claimant's employer, the Woodmere Fire District. We find that the June 24, 2004 notice with the added language regarding reimbursement to claimant's employer is sufficient to constitute a request for reimbursement pursuant to Workers' Compensation Law § 25 (4) (a) (*see Matter of Tatem v Shild Co. Assoc.*, 93 AD2d 964, 964 [1983]; *Matter of Velji v Rural Farms Workers Opportunity*, 93 AD2d 936, 937 [1983]; *Matter of Caliguire v Lansingburgh Cent. School Dist.*, 81 AD2d 713, 713 [1981], *lv denied* 54 NY2d 605 [1981]).

However, it is unclear from our review of the record whether the June 24, 2004 notice was filed prior to the award of compensation made at the January 7, 2005 hearing and, therefore, timely (*see Matter of Iamiceli v American Tel. & Tel.*, *supra* at 1041). Accordingly, this matter is remitted to the Workers' Compensation Board for further proceedings.

Crew III, J.P., Peters, Mugglin and Rose, JJ., concur. Ordered that the decision is reversed, without costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.