Matter of Storms v BOCES Erie No. 1 (2021 NY Slip Op 00602)





Matter of Storms v BOCES Erie No. 1


2021 NY Slip Op 00602


Decided on February 4, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 4, 2021

530473

[*1]In the Matter of the Claim of Michael Storms, Claimant,
v
BOCES Erie No. 1 et al., Appellants. Workers' Compensation Board, Respondent.

Calendar Date: January 12, 2021

Before: Garry, P.J., Egan Jr., Lynch, Aarons and Pritzker, JJ.


Hamberger & Weiss LLP, Buffalo (Matthew M. Hoffman of counsel), for appellants.
Letitia James, Attorney General, New York City (Donya Fernandez of counsel), for respondent.



Aarons, J.
Appeal from a decision of the Workers' Compensation Board, filed May 9, 2019, which ruled, among other things, that the employer was not entitled to reimbursement for wages paid to claimant during the period of disability.
Claimant, a classroom teacher, sustained work-related injuries to his lower back, neck and right shoulder on March 22, 2018 and remained out of work at the time of the hearing on October 22, 2018. The employer disputed the claim and continued to pay claimant's wages for a time, but did not file a request for reimbursement of the wages paid. At the conclusion of the October 2018 hearing, a Workers' Compensation Law Judge (hereinafter WCLJ) established the claim, set the average weekly wage and determined that an award would be made at a marked temporary partial disability rate from the day after the injury to date. The WCLJ thereafter issued a decision memorializing that ruling, awarding claimant benefits at a temporary partial disability rate from March 23, 2018 to October 22, 2018, with credit to the employer for any wages paid.
Claimant thereafter sent a letter to the WCLJ disputing the employer's entitlement to reimbursement, arguing that his counsel was unaware until after the October 2018 hearing that the employer had not filed a request for reimbursement as ordered by the WCLJ.[FN1] The WCLJ subsequently issued a decision addressing counsel fees but did not address this request. Both parties filed applications for review by the Workers' Compensation Board. As relevant here, claimant disputed the employer's entitlement to reimbursement, which the employer opposed. By decision filed May 9, 2019, the Board, among other things, upheld the claim but modified the WCLJ's decision, finding that the employer did not file a timely request for reimbursement and, therefore, waived any right to reimbursement for wages paid for the period in issue. The employer and its third-party administrator (hereinafter collectively referred to as the employer) appeal. We affirm.
"Pursuant to Workers' Compensation Law § 25 (4) (a), if the employer has made advance payments of compensation, or has made payments to an employee in like manner as wages during any period of disability, the employer shall be entitled to be reimbursed out of an unpaid installment or installments of compensation due, provided the employer's claim for reimbursement is filed before an award of compensation is made" (Matter of Mundy v Verizon N.Y., Inc., 178 AD3d 1178, 1179 [2019] [internal quotation marks, brackets and citations omitted]; see Matter of Domanico v Woodmere Fire Dist., 34 AD3d 1173, 1173 [2006]). However, the right to reimbursement "may be lost by failing to file a claim before compensation is awarded" (Matter of Velji v Rural Farms Workers Opportunity, 93 AD2d 936, 937 [1983] [internal quotation marks and citation omitted]; see Matter of Adolf v Buffalo Bd. of Educ., 50 NY2d 871, 872 [1980]; Matter of Caliguire v Lansingburgh Cent. School Dist., 81 [*2]AD2d 713, 713 [1981], lv denied 54 NY2d 605 [1981]). Although the record reflects that the employer paid wages to claimant during a part of the period of his disability, it did not submit a written request for reimbursement of those wages (compare Matter of Razzano v New York State Dept. of Corr. & Community Supervision, 184 AD3d 939, 940 [2020]; Matter of Mundy v Verizon N.Y., Inc., 178 AD3d at 1178-1179; Matter of Domanico v Woodmere Fire Dist., 34 AD3d at 1173; Matter of Velji v Rural Farms Workers Opportunity, 93 AD2d at 937; Matter of Caliguire v Lansingburgh Cent. School Dist., 81 AD2d at 713).
Contrary to the employer's claim, neither the C-11 form nor the SROI-EP form contained or constituted a request for reimbursement. Indeed, those forms covered only a short period of time and neither even referred to reimbursement (compare Matter of Velji v Rural Farms Workers Opportunity., 93 AD2d at 937). To that end, "a bare statement that full wages are being paid during [the period of] disability" does not qualify as a request for reimbursement (id.). Likewise, "[n]otice of the fact that wages were being paid during the period of disability and of the employer's consequent entitlement to reimbursement is not the equivalent of receipt of a request or claim therefor" (Matter of Iamiceli v American Tel. & Tel., 189 AD2d 1040, 1041 [1993]).
Although a timely oral request for reimbursement may, by itself, be sufficient (see Matter of Bailey v Verizon, 30 AD3d 778, 779 [2006]; Matter of Tatem v Shild Co. Assoc., 93 AD2d 964, 964 [1983]; Matter of Caliguire v Lansingburgh Cent. School Dist., 81 AD2d at 713), the Board's implicit conclusion that the employer made no such oral request is supported by the record (see Matter of Bailey v Verizon, 30 AD3d at 780). In arguing that it made a timely and adequate oral request to the WCLJ for reimbursement, the employer relies upon brief references to reimbursement at the end of the October 2018 hearing, during a discussion about the dates for the award. A review of the exchange reflects that the employer's attorney, while addressing the start and end date for an award, suggested that the WCLJ could "reimburse employer" and, after further discussion regarding the award, remarked that "[t]his is all reimbursable." Although claimant's counsel conceded that the award was reimbursable, given the timing and nature of the reference to reimbursement, the Board rationally concluded that this belated reference was not timely and did not satisfy the requirement that reimbursement be requested and, thus, that the employer had waived its right to reimbursement (see id.; Matter of Iamiceli v American Tel. & Tel., 189 AD2d at 1041). The employer's remaining claims have been considered and found to be without merit.
Garry, P.J., Egan Jr., Lynch and Pritzker, JJ., concur.
ORDERED that the decision is affirmed, without costs.



Footnotes

Footnote 1: Claimant's attorney requested that an amended decision be issued.