Matter of Nelson v NYC Health & Hosp. Corp. (2023 NY Slip Op 02913)

Matter of Nelson v NYC Health & Hosp. Corp.

2023 NY Slip Op 02913

Decided on June 1, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 1, 2023

534672
[*1]In the Matter of the Claim of Delon A. Nelson, Appellant,
v
NYC Health & Hospital Corp., Respondent. Workers' Compensation Board, Respondent.

Calendar Date:May 2, 2023

Before:Aarons, J.P., Pritzker, Reynolds Fitzgerald, Fisher and McShan, JJ.

Ugalde & Rzonca, LLP, Rego Park (John F. Clennan, Ronkonkoma, of counsel), for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, Brooklyn (Michael B. Dearie of counsel), for NYC Health & Hospital Corp., respondent.

Pritzker, J.
Appeals (1) from a decision of the Workers' Compensation Board, filed December 28, 2021, which ruled that the employer is entitled to reimbursement for wages paid to claimant during the period of disability, and (2) from a decision of said Board, filed March 18, 2022, which denied claimant's application for reconsideration and/or full Board review.
Claimant has an established claim for work-related injuries to his left arm and left shoulder that occurred on August 22, 2013 while restraining a patient, and his average weekly wages were set. It is undisputed that workers' compensation benefits were not then paid because the self-insured employer, which did not dispute the claim, continued to pay his wages from August 23, 2013 until March 9, 2015, and filed a C-669 form (Notice to Chair of Carrier's Action on Claim for Benefits) on September 6, 2013 advising that wages were being paid and requesting reimbursement for wages paid until claimant returned to work. On October 8, 2020, the Workers' Compensation Board issued a proposed decision finding that claimant had a schedule loss of use of his left arm and leg and making an award for permanent partial disability. The employer did not raise objections to the award and that decision became final on November 12, 2020. The employer filed a reimbursement request for a credit against the award for wages paid from August 23, 2013 through March 9, 2015. Further proceedings were held on other matters and the employer filed a second reimbursement request on July 26, 2021 that included a breakdown of the wages paid. The issue of the employer's entitlement was addressed at a September 2021 hearing at which claimant argued that the employer had waived reimbursement by not requesting it before the award was made and failing to object to the proposed decision before it became final. The employer argued that if reimbursement was not granted, claimant would be unjustly enriched in that he was paid full wages. A Workers' Compensation Law Judge ruled, among other things, that the employer was entitled to the requested reimbursement as a credit against the award. On claimant's appeal, the Workers' Compensation Board agreed, finding that the employer's request was timely. Claimant's application for reconsideration and/or full Board review was denied, and claimant now appeals from both Board decisions.
We affirm. Pursuant to Workers' Compensation Law § 25 (4) (a), "[i]f the employer has made advance payments of compensation, or has made payments to an employee in like manner as wages during any period of disability, [the employer] shall be entitled to be reimbursed out of an unpaid instal[l]ment or instal[l]ments of compensation due, provided [the employer's] claim for reimbursement is filed before [an] award of compensation is made" — unless the employer has filed a waiver of its right to reimbursement with the Chair of the Board (see Matter of Mundy v Verizon N.Y., Inc., 178 AD3d 1178, 1179 [3d Dept 2019]; see also Matter [*2]of Adolf v City of Buffalo Bd. of Educ., 50 NY2d 871, 872 [1980]). Under settled law, "where a claimant receives a schedule loss of use award, the employer is entitled to full reimbursement of the [wage] payments made during the period of disability" (Matter of Collins v Montgomery County Sheriff's Dept., 153 AD3d 1453, 1454 [3d Dept 2017]; see Matter of Razzano v New York State Dept. of Corr. & Community Supervision, 184 AD3d 939, 941 [3d Dept 2020]). "[R]eimbursement must be awarded to the employer unless such reimbursement would achieve a disproportionate result, either to the employer or employee" (Matter of Mott v Central N.Y. Psychiatric Ctr., 113 AD3d 911, 911 [3d Dept 2014] [internal quotation marks and citation omitted]; see Matter of Jefferson v Bronx Psychiatric Ctr., 55 NY2d 69, 71 [1982]), "which presents a question of fact for the Board" (Matter of Newbill v Town of Hempstead, 147 AD3d 1191, 1191 [3d Dept 2017]).
There is no dispute that the employer paid claimant during the relevant time period for which it sought reimbursement. The Board made the factual determination that denying the employer a credit for wages paid against claimant's award would result in duplicate benefits, i.e. a windfall, for claimant, in that he would receive both full wages and an award of compensation, a result that is disfavored (see Matter of Jefferson v Bronx Psychiatric Ctr., 55 NY2d at 71; Matter of Mundy v Verizon N.Y., Inc., 178 AD3d at 1179-1181; Matter of Mott v Central N.Y. Psychiatric Ctr., 113 AD3d at 912). Moreover, as the Board noted, there is no statutorily prescribed format for the request for reimbursement, which may be oral, only the requirement that the request predate the award (see Matter of Storms v BOCES Erie No. 1, 191 AD3d 1062, 1063-1064 [3d Dept 2021]; Matter of Domanico v Woodmere Fire Dist., 34 AD3d 1173, 1173 [3d Dept 2006]).[FN1] Although the employer did not object to the proposed decision finalized on November 12, 2020 making an award to claimant, the Board rationally concluded that the employer's September 2013 C-699 request, years before the award was made, specifically asking for reimbursement for the full wages being paid during the period of disability, constituted a timely request for reimbursement under Workers' Compensation Law § 25 (4) (a) (see Matter of Velji v Rural Farms Workers Opportunity, 93 AD2d 936, 937 [3d Dept 1983]; compare Matter of Tatem v Shild Co. Assoc., 93 AD2d 964, 964 [3d Dept 1983]). Further, there is no indication in the record "that the employer intended to waive its right to reimbursement" (Matter of Collins v Montgomery County Sheriff's Dept., 153 AD3d at 1455). Contrary to claimant's argument, the employer made clear less than a month after the accident that it would seek reimbursement for all wages paid to him during the period of disability and did not create an expectation that, in addition to full wages, he would also receive a duplicate schedule loss of use award. As such, the doctrine of [*3]equitable estoppel, which claimant did not argue to the Board, is inapplicable (see Matter of DiLascio v Tilden Glen Head, Inc., 69 AD3d 1171, 1172 [3d Dept 2010]). Finally, upon review, we find that the Board's denial of reconsideration and/or full Board review was not an abuse of discretion (see Matter of Petre v Allied Devices Corp., 213 AD3d 1117, 1118 [3d Dept 2023]).
Aarons, J.P., Reynolds Fitzgerald, Fisher and McShan, JJ., concur.
ORDERED that the decisions are affirmed, without costs.

Footnotes

Footnote 1: Claimant's reliance on 12 NYCRR 300.5 (e) is unavailing, as that provision concerns requests for reimbursement pursuant to Workers' Compensation Law § 15 (8), which governs disability following previous permanent impairment.